It is only by force of the special clause, prohibiting an assignment of the interest of the assured in the policy, or in the property insured, without the consent of the insurers, that a forfeiture of the policy is claimed to have occurred. In the absence of such provision, an assignment of property and policy, in marine insurances (however it may be in regard to fire policies), is valid, and the policy remains in force for the benefit of the assignee, although there is no notice of the assignment given to the insurers. (Wakefield v. Martin,3 Mass., 558; Earl v. Shaw, 1 John. Cases, 313; Powles v.Innes, 11 M. W., 10; 3 Kent's Com., 261-275; 2 Am. Leading Cases, 1st ed., 309-314.)
As the special clause relied upon operates by way of forfeiture, it is to be construed strictly, and the "transfer or termination" of interest in the property, in order to make void the policy, must be a transfer or termination of the whole insurable interest of the assured in such property. Any change of the title which does not deprive the assured of insurable interest, does not work that result. (Lazarus v. TheCommonwealth Ins. Co., 5 Pick., 76; Strong v. Man. Ins. Co.,
10 id., 43, 44; Stetson v. Mass. Mut. Fire Ins. Co.,4 Mass., 330; Jackson v. Silvernail, 15 John., 278; 3 Kent's Com., 261, note a.) "A sale or assignment of the property will only defeat *Page 70 
the recovery of the assignor on the policy when and so far as it strips him of insurable interest, without regard to whether the interest which survives the conveyance be of the same nature orcharacter as that which existed before it was made." (2 Am. Leading Cases, 1st ed., 316.) This proposition relates to the question of insurable interest remaining in the assignor under an ordinary policy, not containing the special clause in regard to forfeiture. But the questions are the same. No transfer of interest will work a forfeiture under that clause which does not so entirely deprive the assignor of insurable interest as to prevent his recovering on the policy for his own benefit, if that clause were not contained in it. To take away the cause of action in one case, and to render void the policy in the other, equally requires a transfer or termination of the entire insurable interest. So long as the assured retains such an interest that he may be a sufferer by the loss, the policy remains valid to protect that interest. This construction does not, as is claimed by the defendant's counsel, render the clause in question nugatory. It leaves it effectual to make void the policy in the hands of an assignee of the whole interest, in property and policy, which, as has been shown above, would be otherwise valid.
The bill of sale of the vessel executed by the assured in this case, by no means transferred or terminated their insurable interest. Standing alone, it would have had that effect; but that instrument must be construed in connection with the counter bill of sale or mortgage, executed to them at the same time. The two "are to be considered as parts of the same contract, as taking effect at the same instant, and as constituting but one act." (Stow v. Tifft, 14 John., 463.) Thus considered, the legal effect of the two instruments, looking at the substance of the transaction, is not that the seller parts with the title absolutely, for any space of time, however short, but his title, before absolute, is made defeasible. This interpretation accords with the obvious intention of the parties. In no such case did the seller ever intend to part with his entire interest, even for an instant, until the purchase money should *Page 71 
be paid; nor is the language of the instruments such, when construed as one act, as to prevent courts from giving them effect according to such intention, especially under the oft-commended rule that judges should be astute "to invent reasons and means to make acts effectual according to the just intent of the parties." (Hob., 277, b; Willes, 675-684; 22 Wend., 489.) But if the title passed out of the assured, otherwise than conditionally, it did so subject to a right in, or power over, the property which they retained, to defeat the title of their grantees on default in payment of the purchase money. That right, however, was rather a condition than a power, because it operated to defeat the interest of the purchasers absolutely, at law, on their making default, without any act on the part of the sellers. (2 Denio, 170; 1 Comst., 500.) The right thus retained, by whatever name it may be called, was an insurable interest in the property. "A man is interested in a thing to whom advantage may arise or prejudice happen from the circumstances which may attend it; and whom it importeth that its condition as to safety or quality should continue." (1 Arn. on Ins., 230; Lucena v.Crawford, 5 B. P., 302; Trumbull v. Portage Co. Mut. Ins.Co., 12 Ohio, 305.) Chief Justice SPENCER, in the case of Stow
v. Tifft, (supra), states the rules applicable to like instruments relating to land, as follows: "The substance of a conveyance, where land is mortgaged at the same time the deed is given, is this: The bargainor sells the land to the bargainee oncondition that he pays the price at the stipulated time, and if he does not, that the bargainor shall be reseized of it, free of the mortgage; and whether this contract is contained in one and the same instrument, as it well may be, or in distinct instruments executed at the same instant, can make no difference. It is true that courts of equity have interposed to relieve the mortgagor against the accident of his non-payment of the price, at the stipulated period. It is also true that courts of law have considered the interest of the mortgagor as liable to be sold on execution. This, however, does not interfere with the question as to how the contract between the original parties is to *Page 72 
be viewed, as between themselves, when the equity of redemption is gone and forfeited." It is, I think, owing more to the conditional character of the purchaser's seisin in such cases, as stated by Chief Justice SPENCER, than to its instantaneous character, that the right of dower and the lien of judgments do not attach upon it except subject to the mortgage; although the latter is usually assigned as the reason. (Tallman v. Farley,
1 Barb., 280; Cunningham v. Knight, id., 399; 4 Kent's Com., 39.) This principle has been applied by the Supreme Court of Massachusetts to a case not materially different from the present. The action was upon a fire insurance policy, where the plaintiff, after obtaining his policy, conveyed one-half of the building insured, reserving a term of seven years, and received a mortgage back for the purchase money. He then demised the premises to the mortgagor and another for seven years, reserving rent, after which the premises were destroyed by fire, his tenants being in possession. SEWALL, J., delivering the opinion of the court, says: "A sale and reconveyance by mortgage to secure the purchase money, executed at one time, are, for many purposes, to be regarded as one instrument. And taking all the writings together, the actual sale of the property insured, as to the moiety affected by these contracts, was substantially, and in answering a question of the interest of the plaintiff, to be considered as a conditional sale after the expiration of seven years." And again, "his interest in a part remains the same, and, for the purpose of repelling this objection, is to be considered as unaltered in the whole of the premises insured." (Stetson
v. Mass. M.F. Ins. Co., 4 Mass., 336.) This case shows that a deed and mortgage back for purchase money do not deprive the seller of an insurable interest; and if the interpretation above given to the policy in the present case be correct, it shows that the policy was not defeated by the sale to Alvord, Bell Bean.
The case of Adams v. Rockingham Mutual Fire InsuranceCompany (29 Me., 292) does not conflict with, but rather tends to confirm this view. The decision in that case was put mainly on the ground of the loss of a lien upon the insured premises as *Page 73 
security for the assessments, which the court held was affected by the conveyances; the interest of one of the parties having passed to an assignee in bankruptcy, and that of the other having been conveyed by an absolute deed, subject to a written defeasance, without seal, which had been cancelled, but whether before or after the fire did not appear. The court held that "if the cancelling was since the loss, there was at the time of the fire a remaining interest in the grantor; if otherwise, the alienation was complete:" thus sustaining the view which I have taken.
The case of Titlemore v. Vermont Mutual Insurance Company
(20 Vt., 546), tends also to confirm my position. The character of that Company contained a clause declaring that when any house or building insured "shall be alienated by sale or otherwise, the policy shall thereupon be void." The plaintiff, during the life of his policy, conveyed the insured premises by a common warranty deed, and received from his grantee, at the same time, a like deed of the same premises, with a condition that the deed should be void on payment of $2,000 in three years, the grantee to hold possession until payment. It was held that this was not an alienation within the statute. The reasoning of DAVIS, J., who delivered the opinion of the court in reference to the effect of the two instruments, so fully confirms what I have said in regard to the conditional character of the sale in the present case, that I venture to prolong this opinion by one more quotation. He says: "Both instruments, being executed simultaneously, may well be regarded as constituting one entire contract, to be construed precisely as it would be, were a similar condition inserted in the deed from the plaintiff to Vandewater. In the one case the payment of the money would constitute a condition precedent, without which no title would pass; in the other, the reconveyance is perfect in form, subject only to be rendered inoperative by a condition subsequent. It is a mere matter of formal arrangement. In substance there is no difference." * * "I do not regard a conveyance and reconveyance, when simultaneous, as divesting the plaintiff of title at all: there was no alienation, which, by *Page 74 
the terms of the statute could vitiate the policy." It is, to be sure, said in the case that the conclusion of the court would have been different if there had been a personal obligation on the part of the last grantor to pay the $2,000, which would have converted his deed into a mortgage. That opinion, however, is confessedly based upon the popular idea of a mortgage, regarding the mortgagor as the owner, contrary to the rule in this State, especially in reference to mortgages of chattels (1 Comst., 486), and is, therefore, deprived of all force, even as a dictum,
against the construction which I have given to the conveyances in the present case.
It is insisted by the defendant's counsel that the special clause in the policy was, in part, based upon the confidence which the Company had in the assured personally, and that the transfer of the vessel, with the rights of possession and control to strangers, was a violation of the condition on which the continuance of the policy depended. If it was the design of the insurers to compel the assured to retain the absolute ownership of the whole vessel, and to keep the possession of it entirely under their own control during the life of the policy, they have failed to use language which can accomplish such object. They have, however, succeeded in preventing a transfer of the policy for the benefit of any other person, without their consent; and that probably accomplishes all that was expected from the clause in question. So obviously insufficient are the terms of the restriction to secure what is claimed for them, by any rational interpretation which could be given to them, that I cannot believe such to have been their design.
The judgment of the Superior Court should be affirmed.
ALLEN, J., did not sit in the case; all the other judges concurring,
Judgment affirmed. *Page 75