JAMES E. McINTIRE *vs.* NORWICH FIRE INSURANCE COMPANY.

A policy insuring the mortgagor of a chattel against loss thereof by fire, expressed to be void " if the title of the property is transferred or changed," and providing that " the entry of a foreclosure of a mortgage shall be deemed an alienation of the property," is avoided by any act which, of itself, and without any further formality or process on the part of the mortgagee, will deprive the assured of all right and title in the chattel unless he shall pay the debt, such as the giving and recording, under the Gen. Sts. c. 151, §§ 6, 7, of notice of intention to foreclose the mortgage for breach of its condition.

AMES, J. The plaintiff, as assignee in bankruptcy of John C. Spooner, claims in this action the sum of $2000, as the amount due from the defendants for the loss by fire of certain personal property of the bankrupt, upon which they had granted a policy of insurance for one year from January 1, 1868. The policy contains among its various conditions a stipulation in

these words: " If the title of the property is transferred or changed " " this policy shall be void; and the entry of a foreclosure of a mortgage " " shall be deemed an alienation of the property, and this company shall not be holden for loss or damage thereafter." The insured property had previously, namely, on August 15, 1867, been mortgaged by Spooner to one L. C. Smith, as security for Spooner's note of that date for $5000, payable in six months, with interest annually. Whether the defendants had any notice of the existence of this mortgage, other than such as is implied from its registration, did not appear and may not be material. On the 4th day of March following, the note having become due and remaining · unpaid, Smith gave notice to Spooner of his intention to foreclose the mortgage, which notice was duly served, certified and recorded, according to the provisions of the Gen. Sts. *c.* 151, §§ 6, 7. On the first day of April following, the insured property was totally destroyed by fire.

What are we to understand by the expression, " the entry of a foreclosure of a mortgage," which, according to the terms of the contract, " shall be deemed an alienation of the property," after which the defendants " shall not be holden for loss or damage ? " It is a somewhat peculiar form of expression, not strictly and technically accurate, perhaps ; but to be interpreted in such a manner as to carry out the true intent of the parties, so far as that intent is discoverable. In the case of a mortgage upon real estate, the mortgagee, on breach of condition, may enter for the purpose of foreclosure; and, although his title may become absolute by mere lapse of time, no other entry or formality may be required on his part ; and there is nothing in any public record, or in any proceeding, which can literally be said to be an entry of foreclosure. In the case also of a mortgage of personal property, the mortgagee gives notice of his intention to foreclose, in the form prescribed by statute, and his title afterwards may become absolute without any further act or ceremony on his part. He cannot be said to enter upon the property, nor can it in a literal sense be said that there is an entry of foreclosure. In both cases, the first step towards foreclosure

is the manifestation of the intent to foreclose, which is to be indicated in such manner as the law points out, accompanied with a formal registration in the public records. It is very manifest, as we think, that the words "the entry of a foreclosure," as used in the policy, are not to be interpreted as meaning exactly the same thing as a consummated and finished foreclosure. The policy provides not merely for the transfer, but the change of title, and the insurers may very naturally have considered an entry for foreclosure as a very material change in the title of the assured, and in his relation to the property. The parties, in their contract, have taken pains to avoid saying simply that " the foreclosure of a mortgage " shall be deemed an alienation. There would be no occasion for them to say that, inasmuch as the law would plainly have said it for them. The meaning of the policy, in our judgment, is, that something short of an actual and complete foreclosure shall be considered, for the purposes of their contract, as a transfer or change of title, and that an entry for foreclosure, or an act which of itself, and without any further formality or process on the part of the mortgagee, will deprive the assured of all right and title in the property, unless he pay the debt, shall be deemed sufficient to terminate the risk. The defendants might well be unwilling to continue to insure property which is so situated that its destruction by fire might be the easiest or only way to make it beneficial to the assured.

In this view of the case, the other exceptions urged by the defendants do not require to be considered.

*Exceptions sustained.*

*A. L. Soule,* for the defendants.
*N. A. Leonard,* for the plaintiff.