## SUPREME COURT.

EDWARD SAVAGE, testamentary trustee, agt. THE LONG ISLAND INS. CO.

THE SAME agt. THE HOWARD INS. CO.

Where a *policy of insurance* on real property contained a clause that "if the property be sold or transferred, or any change takes place in title or possession, whether by legal process or judicial decree, or voluntary transfer or conveyance," then the policy shall be void:

*Held,* that a sale of the property by the assured to a vendee in possession under a lease, with a simultaneous mortgage back for part of the purchase money, did not deprive the assured of an insurable interest in the property and consequently did not avoid the policy. *(Following the case of Hitchcock agt. North Western Ins. Co.,* 26 *N. Y.,* 68).

Where a policy of insurance is issued " to the *heirs and representatives* of A. K. deceased, M. K., the executrix and trustee of the estate of A. K., took the title and might be considered as described by the words "heirs and representatives". and therefore the assured had an interest in the property insured.

*Albany Circuit, January* 30, 1872.

LEARNED, *J.*—The defendants severally issued policies of insurance for $1,000 each, dated September 19, 1869 (or continued by renewal of that date), to the heirs and representatives of Andrew Kirk, deceased, on a grist-mill and machinery, for one year.

By the will of Andrew Kirk, proved in 1857, Marilla Kirk was made executrix and trustee of all the real estate, with power to collect the rents, to insure, to sell and convey.

By an order of the supreme court, August 29th, 1871, subsequent to the commencement of this action, the present plaintiff was appointed testamentary trustee in the place of Marilla Kirk; and by an order of the surrogate, June 29,

1871, he was appointed administrator, with the will annexed, in her place.

In February, 1870, Mrs. Marilla Kirk, as such trustee, conveyed the premises to Henry O. Arnold, for the consideration of $8,000, receiving $1,000 in cash and a bond and mortgage for $7,000, the balance of the purchase money.

On the 1st of August, 1870, the mill was destroyed by fire, and it was then worth $5,000.

The first objection to a recovery is that the policies were issued in the name of the heirs and representatives of Andrew Kirk, and that they had no interest in the property. The title to the real estate was in Mrs. Marilla Kirk, in trust, and she had power to collect rents, and to sell the land and to take back a bond and mortgage for the consideration money, or part of it. I think, therefore, that she may be considered as described by the words " heirs and representatives."

This was an insurance on real estate, and it was evidently issued to the person who had title to the property by the will of, or descent from, Andrew Kirk (*Clinton* agt. *Hope Ins. Co.*, 51 *Barb.*, 647).

The second objection presents greater difficulty.

Each policy contains a clause that " if the property be sold or transferred, or any change takes place in title or possession, whether by legal process, or judicial decree, or voluntary transfer or conveyance," then the policy shall be void. It is insisted by the defendants that the sale to Arnold made the policy void. It appears that Arnold had been in possession previously under a lease, so that the question as to a change of actual possession does not arise. It is insisted by the plaintiff, that as the sale was accompanied by an immediate mortgaging of the property to the vendor to secure part of the purchase money, the vendor had still an insurable interest, and the transaction did not avoid the policy.

In the case of *Hitchcock* agt. *North Western Ins. Co.*, (26 *N. Y.*, 68), an action was brought on a marine policy which contained a clause that in case of the transfer of any interest

of the assured in the property, either by sale or otherwise, the policy should be void. The owners sold the vessel and took a conveyance by way of mortgage for a part of the purchase money. It was held that the owners were entitled to recover. It is said in that case that, in order to make void the policy, the transfer must be a transfer of the whole insurable interest of the assured in the property. The differences between that case and the present, are only two; one is that that was the case of a marine, this of a fire insurance; the other is, that in this case the language of the condition is, " if any change takes place in the title." As to the former, the argument of the court is not put upon any peculiarity in a marine policy. As to the latter, the policy in the case cited was to be void in case of transfer of any interest of the assured in the property insured. The insured was a general owner, and the transfer, which was held not to make void the policy, was a sale of the property accompanied by a reconveyance by way of mortgage. That was a change in the title, and the court say, in construing this condition, that "any change of the title which does not deprive the assured of insurable interest, does not" make void the policy. I cannot see that the expression "if any change takes place in the title" means anything different from the expression "in case of the transfer of any interest of the assured in the property." The decision above cited seems to me, therefore, to control the present case.

In the case of *Springfield M. & F. Co. agt. Allen*, (43 *N. Y.*, 389), to which the defendants refer, the facts, so far as they bear on the present question, were; that the owner of the property, after the policy was issued to him, conveyed the premises absolutely, not taking back any mortgage for the purchase money. It was held that such a conveyance avoided the policy, although the owner, being personally liable on a debt secured on the premises by a pre-existing mortgage, still had, in that respect, an insurable interest in the premises. It was not disputed in that case that the

owner, by his conveyance, had parted with all title, legal or equitable, to the property insured. In this respect, that case differs from the present, and from the case of *Hitchcock* agt. *North Western Ins. Co.* In the present case, the owner, simultaneously with her conveyance, took back a purchase money bond and mortgage to the extent of seven-eighths of the value of the property.

I understand the case in 26 *N. Y.*, 68, to decide that a sale of property, with a simultaneous mortgage back for part of the purchase money, is not a transfer of an interest of the assured in the property, within the meaning of the conditions of a policy of insurance.

If I am correct in my understanding of that decision, it is unnecessary to examine other authorities or to consider the question on principle. I shall simply follow that decision and hold that the plaintiff is entitled to recover.