[*General Term, April,* 1872.]

## JOHN BATES *v.* COMMERCIAL, ETC., INSURANCE COMPANIES.

The policy issued by the Buckeye State Insurance Company contained the clause, that "a transfer, or change of interest of the insured, either by sale or otherwise, without consent of the said company," should avoid the policy.

*Held*, that where Fuller sold to Munday the insured property for $75,000, retaining a lien for $50,000 of the purchase money, the interest of Fuller was "transferred or changed," within the meaning of the said clause, and that the policy was therefore void.

*Jordan, Jordan & Williams,* and *Logan & Randall,* for plaintiff.

*Lincoln, Smith, Warnock & Stephens,* for defendants.

HAGANS, J. These are motions for new trial, reserved here for our consideration. The opinion of the judge at Special Term is found in 1 Superior Court Reporter, 523, in which the findings are all in favor of the plaintiff. The facts are fully stated in the opinion of the court below, and do not need repetition here. The cause has been argued to us, and we have carefully considered the questions made. We are not impressed with the soundness of the defendants' argument on the questions of "other insurance" and misrepresentation. It was claimed, upon the point of "other insurance," that Fuller could not have taken out the second policies, under the clause in the plaintiff's policies, and that he could not evade that clause by carving out an interest in Munday, and get him to insure for his benefit; that he could not contract for such a thing, as that would be, in fact, other insurance by Fuller, and that he could not do indirectly what he could not do directly; for, to adopt such an idea, would give him the right to carve out an indefinite number of interests, and insure them. This argument, it seems to us, assumes the whole question. The insurance was on Munday's interest, or rather on the whole property covering his interest, and he paid the premium. We think the judge at Special Term applied the law correctly; and we find no reason to disturb his conclusions of law or fact thereon.

There remains the consideration of a single question arising on the policy issued by the Buckeye State Insurance Company, which contains a clause providing that the policy shall become void and of no effect by "a transfer or change of interest of the insured, either by sale or otherwise," without consent. Though it appeared that Fuller sold and conveyed the property to Calvert, Carey & Mun-

day for $75,000, retaining a lien on it for $50,000 of the purchase money, and Calvert and Carey sold out to Munday, who owned the property at the time of the fire, the judge at Special Term, on the authority of cases in 26 N. Y. 68; 16 B. Mon. 255, and 56 Barb. 177, held that there was no transfer or change of interest, within the meaning of the policy, such as would avoid it.  We do not think that the mere fact of the payment of premiums to the company, after their sales and conveyances were made, of itself, sufficient to so charge it with notice thereof as to operate as a waiver of the agreement on its part, on the absence of proof of notice in some way.  The court held very properly, that the change in Fuller's ownership of the property did not destroy his insurable interest therein, and if the assent of the company had been obtained there could be no question of the plaintiff's right to recover.  The whole clause reads, " The interests of the insured on this policy is not assignable unless by consent of the company manifested in writing, and in case of any transfer or change of interest of the assured, either by sale or otherwise without such consent, this policy shall thenceforth be void and of no effect."  It is argued that the latter part of the clause refers to a transfer or change of interest in the policy, and that the words "such consent" give strong color to such a construction, and *Smith* v. *Saratoga Insurance Co.*, 1 Hill, 497, and the same case in 3 Hill, 508, are cited.  But we think the language has a clear relation to an interest in the care and management of the property, and the words " such consent " refer to the words " manifested in writing," in the former part of the clause, as descriptive of the manner and quality of the consent required in the latter part.

It will be observed that the cases cited by the judge at Special Term, in support of his conclusion upon this clause of the policy, are all cases in which the language used in the contract is quite different from the language in this; and in which it was held that the words " transfer or termination of the interest of the assured," or " any transfer

or change of title in the property" were substantially the same, and mean that the whole ownership or interest must be so transferred or terminated, or the title so wholly changed, as to leave the assured without any insurable interest whatever, and make the contract in fact a wager policy.   Many of the cases in the books, under the language named, depend on the facts stated in them, such as conditional sales, where at the time of the loss the vendor was in possession, as in *The Ætna Ins. Co.* v. *Jackson & Co.*, 16 B. Mon. 255; *Power, etc.* v. *The Ocean Ins. Co.*, 19 La. 28; *Trumbull* v. *The Portage Ins. Co.*, 12 Ohio, 305; or where the transaction was a sale and mortgage back, as in *Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y. 68; *Kitz* v. *Massasoit Ins. Co.*, 56 Barb. 177; *Stetson* v. *Mass. M. Fire Ins. Co.*, 4 Mass. 330.

The only case cited to us in which the language is nearly identical with that of this policy is *Fernandez* v. *The Great Western Ins. Co.*, 3 Rob. 457.   There the express provision of the policy was, " And it is also agreed that this policy covers only the original interests subsisting when negotiated, and that any *change of interest* in whole or in part shall cancel the policy in the same ratio."   The plaintiff sold the vessel and took a mortgage back to secure payment of part of the purchase money, accompanied by a power of attorney placing the vessel under the entire control of the mortgagees, and two judges held, Judge Barbour dissenting, that this transfer did not *terminate* the interest of the assured so as to release the underwriters. Judge Monell, in delivering the opinion of the majority of the court, laid stress on the fact that from the evidence this was in fact a conditional sale, with possession and control in the vendor, thus leaving the strong inference that if the sale was absolute, with change of possession, though a mortgage were taken back, the policy would be canceled. We think the dissenting opinion of Judge Barbour commends itself by its superior reason and stricter adherence to settled rules of law.

These clauses are evidently designed to secure the safety

of the insurer, so far as it may depend upon the carefulness, prudence, and vigilance, as well as the good faith and honesty of the person insured. The underwriter, when he assumes the risk, passes not only on the property insured, but upon the character of the assured; and the insurer has the right to stipulate by clear language against any possible increase of risk by importing another and unknown person into connection with the property insured, without consent. It has been held in *Buckley* v. *Garret, etc.*, 47 Pa. St. 204, and has been stated as the law by this court in a case decided some years ago, that a sale and conveyance of partnership property by one partner to another, avoided a policy in the property where there was a stipulation against its sale or transfer, without consent. And so in case of co-tenants. *Fenly* v. *The Lycoming Co. Mutual Ins. Co.*, 6 Casey, 311. Admitting the force of the construction of the language of this policy given by the plaintiffs, and of the cases cited, it seems to us that the language here differs so widely as to authorize a different conclusion from that reached by the judge at Special Term. Here was, on the part of Fuller, an absolute sale and conveyance and transfer and mortgage back, and one change of possession, and a sale and conveyance to Munday, and mortgage and another change of possession, both being persons unknown to the underwriter and without consent. True, Fuller was not divested of his insurable interest, but his interest in the property was changed, and he was no longer in possession of it. There was no termination of his insurable interest in the property; but a transfer and a change of his interest in it, so far as the possession was concerned, and his personal services and honesty in the preservation and management of it. These were the very things for which the company stipulated. If the policy had said, transfer or change of interest *of the assured in the property*, there would be good ground to follow the cases cited. But the policy stops short of that, and we do not feel at liberty to make another contract for the party. It is no answer to say that the risk

was not increased, because the party in possession was as good and safe a man as the insured. The right to pass on that question is not for the court, but was for the underwriter. The company substantially contracts that the policy shall cover your interest in the property, and we shall be protected on our part by what we know of your character, your honesty, your vigilance, and your management; but if by a sale and mortgage back, though we agree to insure your interest in the property, you transfer your interest in the care and management of the property to some one else whom we do not know, or of whom we have no opportunity of approval, or change your relations to the property, so that you no longer have the same interest in such care and management, which you commit to some one without our consent, the policy shall be void. This does not seem to us a strained construction of the clause, and though the law abhors a forfeiture, if the plain language of the instrument requires it, we have no option. The cases cited have reference to a termination of insurable interest in the property. This clause has relation to termination or change of interest in the control and management of it. We can not admit that the transfer of the property and the mortgage back did not transfer the interest of the assured within the meaning of the policy, and we therefore hold that the interest was transferred or changed so as to avoid it. In the cases cited to us, and in all the cases we have examined, the underwriters have not stipulated against what they intended to, as we think both parties to the contract have bargained for, in the case at bar.

This judgment will be reversed, and the other judgments affirmed.