Johnson, J.
Did the courts below err in holding that the condition of the policy against alienation was not broken by the deed of the insured to Michael Archer of the land on which the dwelling-house insured was situate ?
We presume from the nature of the transaction that it was a family settlement. Simon Archer, the insured, had several tracts of land in Noble county.
By several deeds of general warranty he sold and conveyed all these lands, in distinct parcels, to Abraham, Patrick and Michael Archer, and at the same time sold and set over to them, in equal shares, all his personal property; in consideration of which, they bound themselves, under a penalty of $6,000, to pay all his debts, pay certain females bearing his name specified amounts, sell certain of the lands so conveyed to pay his debts, permit him the sole use, as his own, of the insured dwelling-house on the lands conveyed to Michael, as long as he shall live, give and secure to him a good living off all the lands so conveyed, permit his daughters to live with him, and give him one-fifth of the products of all lands so conveyed, which were made a charge thereon, during his natural life. These and other stipulations for the support and comfort of the grantor, they, the said Abraham, Patrick and Michael, jointly and severally bind themselves to perform, and this instrument is acknowledged before a justice.
We assume that this deed in fee to Michael Archer for the land, including the dwelling-house, and the covenants of the bond, by which a home and a support was provided for the grantor during his life, were equivalent to a reservation by the insured, in his conveyance to Michael, of a life estate in the dwelling house, and that the transaction as a whole vested in him at least a qualified life estate in the property insured. This being so, it is clear that the plaintiff below had at the time of the fire an insurable interest in the building and sus *612 tained a loss by its destruction. It is also clear, that as the owner of a life estate in the dwelling, the value of such insurable interest is changed by this transaction. As owner in fee, his interest in the property insured equaled its value. As owner of an estate for life in this dwelling, its value depended, treating it as an unqualified life estate, on his age and his expectation of life. This again depended on his health, and all the contingencies to which life is subject. Treating it, however, as in fact it was, a qualified life estate, personal to himself, a permit for him to use and occupy while he chose to make that his home, it was still less valuable.
It was his so long as he chose to use and occupy. The estate was limited to his use and enjoyment as ahorne, but if he chose from any cause to leave it, the right was of no value to others.
The insurable interest of the defendant in error was the value of the use to him. Whether this value was greater or less than the amount of the policy does not appear. Even if it be valued as life estates usually are it might, be much less. That would depend on the value of the fee in the dwelling, and his expectation of life. So far as we learn from the record the property as a whole was insured to its full value as in fee.
In no event could his loss exceed the value of his life interest, which, if he is very old, would be much less than the whole. In case of a man sixty-five years of age, the value of this life right, at six per cent, would, according to the usual tables, be worth 45 per cent, of the whole value of the property. American Almanac, 1856, p. 228.
In case his right be regarded as personal to himself and not alienable, its value would be still less.
From the facts stated it is apparent there was a material change in the value of the insurable interest by this sale and reconveyance.
The condition of the policy is, that if any sale, transfer or change of title takes place, it becomes void.' The object of this clause is, not to prevent a recovery where the insured has parted with his insurable interest, for in that case there could be no recovery if such a condition were omitted, because there could be no loss; __ but it is to prevent any sale, transfer or *613 change of title, even where an insurable'interest remained, that would change the relations of the insured to the property. The object is to prevent any change in the title that may increase the risk by increasing the temptation or motive to burn the property, or to take less interest in guarding and preserving it from destruction by fire. Any change or transfer of title which carries with it a change of the interest in the property, of a nature calculated to have this effect, is a violation of the condition.
Whether a nominal change of title,without a change of insurable interest, would avoid the policy, we do not consider or determine.
We hold, therefore, that Simon Archer, by his deed in fee simple to Michael Archer, and by taking back to himself a life right to use and occupy the dwelling-house insured, not only changed his title but his insurable interest therein, and that thereby he avoided the policy. Ayers v. Hartford Ins. Co., 17 Iowa, 176; Springfield Ins. Co. v. Brown, 1 Ins. Law Journal, 57; Savage v. Howard Ins. Co., 52 N. Y. 502; Orrel v. Hampton Ins. Co., 13 Gray, 431; Springfield Ins. Co. v. Allen, 43 N. Y. 389 ; Abbott v. Hampden Ins. Co., 30 Maine, 414; Home Mutual Ins. Co. v. Hauslein, 60 Ill. 521; Hoxie v. Prov. Mut. Ins. Co., 6 R. I. 517; Bilson v. Man's Ins. Co., 7 Am. Law Reg. 661; Perry v. Lorillard Fire Ins. Co., 61 N. Y. 214; McIntire v. Norwich Fire Ins. Co., 102 Mass. 230.
Care should be taken to distinguish between cases where the condition is to prevent a sale, transfer or change of title, and those where the condition is construed to prevent a change in the insurable interest.
Tims, in Hitchcock v. N. W. Ins. Co., 26 N. Y. 68, the condition was against a transfer or termination of the interest of the assured, and it was held that a deed in fee with a mortgage back for the purchase-money did not work such a change as to defeat the policy. The distinction between this class of cases, depending as it does on the terms used to restrict alienation, is pointed out, and the cases carefully distinguished in Savage v. Howard Ins. Co., 52 N. Y. 502, where it was hold that a sale and a mortgage back for the purchase-money *614 avoided a policy in which the condition was agtiinst “any sale, transfer or change in the title or possession.”
The conclusion reached upon the facts of this case is by no means a variance with the decision of Byers v. Insurance Co., 35 Ohio St. 606, where it was held, tinder a clause in the same' words as in this case, that this condition was not broken by the execution of a mortgage on the insured property. It was there said that the execution oí a mortgage was, in no proper interpretation of words, a sale, transfer or change of title. In this case we hold that a deed in fee simple, with a reconveyance back of a life use of the property, is a change of title, the effect of which is to materially change and diminish the insurable interest of the grantor.

Judgment reversed and cause remanded.