Pratt, J.
Under the decision in Bodine v. Ins. Co. (51 N. Y., 117), we think Shelton and Keegan were agents of defendants and not of the plaintiff.
Shelton was an insurance broker who was paid by dedant a commission on the business he brought. His office was with the Commercial Insurance Company, for whom Keegan was bookkeeper. Keegan “solicited” this insurance, and “placed it” through Shelton.
It needs very little familiarity with the usages of insure anee companies to see that Shelton represented the insurers and not the insured.
It follows that so long as the renewal' receipt; .dated December ninth, but prepared some days before, remained with Shelton or Keegan, it was in the custody and control of defendants, and not of the insured. Had a loss occurred between the ninth and twenty-fifth of December, defendants would have claimed, with success, that the renewal. *414 receipt had never been delivered, and that the property was not insured.
The delivery of the renewal on December twenty-fifth, was the inception of the renewed contract of insurance, and at that time O’Connor was the owner. The insurance was, therefore, valid, and the dismissal of the complaint was error.
The plaintiff argues that upon the execution of the paper by the creditors of O’ Connor requesting Dwyer to reassign, etc., O’Connor became in equity the owner of the property, and under the decision of Pelton v. Ins. Co. (77 N. Y., 605), entitled to maintain this action. We do not find in that agreement any engagement on the part of Dwyer & Co. to accept the provision therein made for them.
And their consent would seem to be necessary to change j the status of the parties.
But from the date when Dwyer & Co. accepted and became bound by that agreement and were paid their claim, O’Connor became in equity the owner of the property, and insurance in his name was valid.
As the testimony now stands, the date when Dwyer &, Co.’s claim was extinguished is not material. We discuss it to this extent as it may become, important, if on a future ■ trial any doubt is cast upon the date on which the renewal receipt was delivered to O’Connor.
If the doctrine of Hitchkock v. Ins. Co. (26 N. Y., 68) is to be applied in this case, it may be argued that O’Connor had at all times an insurable interest in the property.
He was a debtor, and the property was a fund devoted to the payment of his debt. So far as his debts were paid, he was discharged.
But as the points already discussed require the reversal of the judgment, and seem decisive of any future trial, it may not be profitable to further discuss the question.
Judgment reversed, new trial ordered, with costs to appellant.
Barnard, P. J., and Dykman, J., concur.