HENRY C. BROWN, Respondent, *v.* THE GERMAN-AMERI-
CAN INSURANCE COMPANY OF NEW YORK, Appellant.

*N. Y. Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Insurance. Renewal.*—Where an insurance policy is issued on a
   stock of goods which the insured subsequently assigned for the
   benefit of creditors, but which were reconveyed to him with the
   consent of the creditors before the delivery of the renewal certifi-
   cate, a recovery for a loss sustained thereafter can be had upon
   the policy in favor of the assured or the assignee of the claim.
2. *Same.*—No recovery upon the policy could have been had, in case
   the loss had occurred before the renewal was delivered by the
   company's agents to the insured.

Action to recover on a fire insurance policy. The de-
fense interposed was that at the time of the insurance
plaintiff's assignor was not the owner of the insured prop-
erty, and that during the life of the policy the plaintiff had
assigned his interest in such property.

Appeal from a judgment in favor of plaintiff entered upon
a verdict.

*William D. Murray*, for appellant.

*Donald F. Ayres*, for respondent.

BARNARD, P. J.—On the 9th of December, 1884, the
defendant issued to James O'Connor a policy of insurance
for one year, on stock of goods, store furniture and house
furniture. The policy contained a condition that it should
become void, if the assured is not the sole and unconditional
owner of the property, * * * "or if any change takes
place in the title."

This policy was obtained by one Keegan, an insurance
clerk, who employed a broker in the same office in which he
was employed. This broker had requested that all renewals
of policies he had procured to be sent to him. A short

time before the policy expired, O'Connor became embarrassed, and on the 21st of November, 1885, made an assignment to Henry B. Dwyer for the benefit of creditors.

On the 2d of December, 1885, the creditors agreed upon a basis of a settlement, and signed a consent that the assignee re-assign the property to O'Connor. The formal re-assignment was delivered 23d of December, 1885. Before the policy expired, a renewal was sent Shilton. He delivered it to Keegan, and Keegan delivered it to O'Connor.

On the 25th of December, 1885, Keegan delivered the renewal receipt to O'Connor.

The only serious question of fact was, first, whether all the creditors signed the consent; and second, whether the renewal receipt was delivered to O'Connor before the actual re-assignment on the 23d of December, 1885. The jury have found both questions in favor of the plaintiff, and upon this finding undisputed facts of the case, the plaintiff, who is the assignee of the policy, seeks to recover a loss by fire, which substantially consumed the whole insured property on the 2d of January, 1886. There is nothing in this which weakens the former decision that Keegan and Shilton were the agents of the defendant. 10 N. Y. State Rep. 412. If a loss had occurred while the renewal was in their hands, he would have had no claim.

The delivery of the renewal receipt to O'Connor was, therefore, the time when the policy was renewed, and at that date O'Connor was a legal and equitable owner of the property without condition. There was a question when Dwyer & Co. settled with the assignee, whether it was the 23d of December or the 21st of December, 1885, and this fact found by the jury in favor of the plaintiff. Under the formal decision, O'Connor had a legal title when the renewal receipt was delivered, and can recover for a loss under the policy. The insured at no time ceased to have an insurable interest in the property. So long as the insured retained an interest, that he may be a sufferer by the loss, the policy remains

valid to protect that interest.    Hitchcock *v.* North Western
Insurance Co., 26 N. Y. 68.

The judgment should, therefore, be affirmed, with costs.

All concur.