NANNIE E. PEARSON, Appellant, v. GERMAN INSURANCE
COMPANY OF FREEPORT, ILLINOIS, SAMUEL LOCKE
and CATHERINE HOLLIDAY, Respondents.

St. Louis Court of Appeals, February 1, 1898.

Insurance: ADVERTISEMENT FOR SALE OF INSURED PROPERTY UNDER
DEED OF TRUST: POLICY: CONDITIONS: FORFEITURE.    An advertise-
ment for sale of insured property under a deed of trust, contrary to a
clause of the policy providing, among other things, that "if the
property be advertised for sale under a deed of trust or mortgage,"
the policy would cease to be binding upon the company, was a for-
feiture of the policy; and the fact that the trustee in the deed of trust
and agent of the mortgagee was ignorant of the conditions of the
policy furnished no excuse for his or her violation of its conditions.

*Appeal from the Audrain Circuit Court.*—HON. E. M.
HUGHES, Judge.

AFFIRMED.

*John M. Barker* for appellant.

*G. W. Barnett* for respondent.

The advertisement of the sale of the insured prop-
erty under the deed of trust avoided the . policy.
*Titus v. Ins. Co.*, 81 N. Y. 410; *Meadows v. Ins. Co.*,
17 N. W. Rep. (Iowa) 600; *McIntire v. Ins. Co.*, 102
Mass. 230; *Quinlan v. Ins. Co.*, 133 N. Y. 356; *Supple
v. Ins. Co.*, 58 Iowa, 29; 1 Wood on Ins. 402.

BLAND, P. J.—Suit on policy for $550, dated
October 23, 1894, insuring plaintiff's dwelling house
situated on lots 5 and 6, block 12, of an addition to the
city of Mexico, Missouri, against loss by fire.    The
petition was in the usual form and averred a total loss
by fire on April 15, 1895.

The petition stated that defendants Locke and Holliday have a claim or interest in the policy and in the real estate therein described adverse to plaintiff, and also states that she was informed that the defendant company claimed that Locke and Holliday had violated the conditions of the policy, hence they were made defendants. The separate answer of the insurance company admitted the issuance of the policy and the destruction of the property insured by fire, and for an affirmative defense alleged the following:

"Further answering, and by way of defense, the defendant alleges that it is expressly agreed and stipulated in said policy as a condition therein as follows:

"When property insured by this policy or any part thereof shall be alienated or incumbered without the consent of the company indorsed thereon, or if the property hereby insured be levied upon or taken into possession or custody under any legal process, or if the property be advertised for sale under a deed of trust or mortgage, or if suit be commenced to foreclose a mortgage on the property insured, then this policy shall at once cease to be binding upon this company.

"Defendant says that the terms of said policy have been violated in this: That said insured property, after the issuance of said policy and before the fire, was advertised for sale in the Mexico Weekly "Ledger" by S. M. Locke, trustee, under and by virtue of the deed of trust theretofore given upon lots five (5) and six (6), in block twelve (12), Lakenan and Barnes' Addition to Mexico, Missouri, being the lot on which the insured dwelling stood; said deed of trust being given by George W. Johnson and Ely P. Johnson to said Locke as trustee, to secure a certain note in favor of said Catherine Holliday, the said Johnson being prior owners to said property. That said property was so

Vol. 73 app—31

advertised for sale at the time of the fire, set forth in plaintiff's petition by reason of which said policy became and is wholly void.

"Defendant, further answering, says that said policy was further violated in this: That said property was incumbered by another deed of trust for $55 in favor of Frank Coatsworth, and was so incumbered at the time of the fire, without any notice to this defendant, by reason of which said policy became and is wholly void."

Defendant Locke for his separate answer admitted the making of the policy and the destruction of the property insured by fire, and for further answer stated:

"And for his other and further answer defendant states that the defendant Catherine Holliday at the time of the execution of said policy and ever since has held a deed of trust upon the property described in said policy for the sum of about $700, and this defendant was and is trustee named in said deed of trust, and that said policy provided for the loss, if any, to be paid to said Catherine Holliday as her mortgage interest might appear.

"This defendant further says he has no interest in said matter, and no connection with the same except that he is named as trustee in said deed of trust held by Catherine Holliday and defendant denied each and every other and further allegation set forth in plaintiff's petition and in the separate answer of the German Insurance Company of Freeport, Ill., filed herein, and having fully answered asks to be discharged with his costs."

Defendant Holliday filed her separate answer, which is as follows:

"Now comes the defendant Catherine Holliday and for her separate amended answer to plaintiff's petition admits the execution and delivery of the

policy sued on and the destruction of the building by fire and proof of loss as stated in said petition. And for her other and further answer defendant states that at the time of the execution of said policy and ever since she has held a deed of trust upon the property described in said policy for the amount of about $700, and the defendant S. M. Locke was and is the trustee named in said deed of trust; that at the time of the execution of said policy and ever since there was a mortgage clause attached to said policy providing for the payment of a loss under said policy to this defendant as mortgagee in said mortgage.

"Defendant further states that said mortgage debt is yet due and unpaid to her and that she is entitled to the amount of said loss under said policy as a payment on her said mortgage debt, and asks that the same be adjudged and paid to her, and defendant denied each and every other allegation and statement in said petition set forth.

"And for further answer to the defendant, the German Insurance Company, of Freeport, Ill., filed herein, this defendant denies each and every allegation and statement in said answer of said company set forth.

"And this defendant further states that while said S. M. Locke was trustee in said deed of trust he had no right or authority to advertise said property for sale under said deed of trust or mortgage except at the instance and direction of this defendant as the holder and owner of the note described in said mortgage.

"She neither admits nor denies that said S. M. Locke, as trustee aforesaid, advertised said property for sale under and by the terms of said deed of trust, but defendant states that if said trustee did advertise said property for sale under and by the terms of said deed of trust he did so without any knowledge, direc-

tion or authority from this defendant, and she is not bound by the same.

"And defendant further says if said property was incumbered by another deed of trust for $55 or any other sum at the time of said fire the same was done without any knowledge and without the consent or any authority from this defendant, and defendant denies each and every allegation in said answer of said company set forth not herein admitted, and prays for judgment for the amount of said policy to be paid over to her under said deed of trust as a payment of the same, and for such other relief as shall be just and proper and for costs."

The plaintiff replied as follows:

"Now comes plaintiff and says for her reply to answers of Locke and Holliday that some money has been paid by plaintiff on the debt claimed by defendants, further also, that defendants have recovered a piece of land as part payment and prays that same be credited to plaintiff as soon as said issue may be made in a settlement between these defendants and plaintiff, and prays for judgment."

The policy of insurance contained the following clause: "When property insured by this policy, or any part thereof, shall be alienated, or shall in any manner become incumbered, or in case of a change of title to the property insured or any part thereof, or of any interest therein, without the consent of the company indorsed hereon, or if the property hereby insured be levied upon, or taken into possession or custody under any legal process, or if the title of possession be disputed in any proceedings at law or equity, or if the property be advertised for sale under a deed of trust or mortgage, or if a suit be commenced to forclose a mortgage on the property insured, or if voluntary or involuntary proceedings in bankruptcy by or against the

insured be commenced, this policy shall at once cease to be binding upon this company."

The policy contained a mortgage clause, which provided, among other things, that in case of loss the policy should be payable to Catherine Holliday, mortgagee or trustee. J. D. Tucker was the resident agent of the insurance company, with authority to take applications for insurance and to issue and deliver policies. The plaintiff, prior to the issuance of the policy sued on, held a policy in another company insuring the same property, containing a mortgage clause "loss to be paid to Mrs. Holliday in case of loss." It seems that the first policy was submitted to Mr. Locke, the trustee, in deed of trust to Mrs. Holliday, and the mortgage clause approved by him. At the expiration of this policy plaintiff's husband applied to Tucker for insurance and told him he would have to go to the court house to get the description of the lots and to find out about the property. This policy was never shown to Mr. Locke, and it seems he was ignorant of the condition providing for forfeiture should the property be advertised for sale under a mortgage.

Mrs. Holliday was not a resident of Audrain county, nor was she personally acquainted with Mr. Locke. Five or six years previous to the trial in this case Mrs. Holliday appointed Locke her agent for the purpose of loaning her money, collecting the loans and managing it generally. In August, 1892, he made the loan of $500 on the insured property as agent for Mrs. Holliday. On April 11, 1895, there being two years' interest due and unpaid on the loan, Mr. Locke as trustee in the deed of trust advertised the property for sale in the Mexico Weekly Ledger, a weekly newspaper. Locke testified that Mrs. Holliday's money was put in his hands by a friend or relative of hers to loan and manage for her, and that he had made other loans and had

always made collection, but had never had occasion before this to take legal steps to make collections. At the close of all the evidence the court instructed the jury that the plaintiff could not recover. A verdict was given and judgment rendered for the defendant insurance company, from which the plaintiff and the defendants Locke and Holliday appealed.

Under the evidence no doubt can arise as to the authority of Locke as the agent of Mrs. Holliday to collect the note secured by the deed of trust, and for that purpose as trustee in the deed of trust to advertise and sell the plaintiff's real estate described in the mortgage and insurance policy. It was in the power of the plaintiff to have prevented this advertisement by paying the accumulated and past due interest. This she failed to do, but suffered the property to be advertised for sale under the deed of trust. This advertisement, by one of the conditions of the policy, forfeited the policy. This condition was agreed to by the parties to the contract of insurance, and must be enforced. The court is powerless to make a new contract for them, by disregarding this clause of the policy, but its duty is to enforce the contract as made. *Meadows v. Ins. Co.*, 17 N. Y. Rep. 600; *McIntire v. Ins. Co.*, 102 Mass. 230; *Titus v. Ins. Co.*, 81 N. Y. 410; *Quinlan v. Ins. Co.*, 133 N. Y. 356; 1 Wood on Insurance, 402. The fact that Locke, the trustee in deed of trust and agent of Mrs. Holliday, was ignorant of the conditions of the policy, furnishes no excuse to him or Mrs. Holliday for a violation of its conditions. The insurance company were not responsible for his ignorance of the conditions of the policy and can not be prejudiced or in any way held on account of such ignorance. This view of the case makes a discussion of the other trust deed, not mentioned in the applica-

ADVERTISEMENT for sale of insured property under deed of trust: policy; conditions: forfeiture.

tion for insurance, unnecessary, nor is it necessary to notice objections and exceptions to the admission and rejection of testimony in the progress of the trial.

There is no dispute whatever as to the facts upon which our opinion is founded, nor is there any pretense that the insurance company or its agent Tucker waived the condition of forfeiture, should the property be advertised for sale under a mortgage. . Judgment affirmed. All concur.