JACKSON
v.
SILVERNAIL.

JACKSON, *ex dem.* STEVENS AND OTHERS, *against* SILVER-

NAIL.

Where a *lessee* for lives covenanted not " *to sell, dispose of, or assign his estate in the demised premises,*" without the permission of the lessor, &c. and the lease contained a clause of forfeiture for the non-performance of covenants, it was held, that a lease of part of the premises by the lessee for 20 years, was not such a breach of the covenant as would work a forfeiture; and that nothing short of an assignment of his whole estate by the lessee would produce a forfeiture of the lease. Nor would a sale of the whole premises under a judgment and execution against the lessee work a forfeiture, there being no evidence of any fraud or collusion on the part of the lessee.

THIS was an action of ejectment, for a farm in the manor of *Livingston*, and was tried at the *Columbia* circuit, where a verdict was taken for the plaintiff for part of the farm claimed, subject to the opinion of the court, on a case containing the following facts : *Robert Livingston,* the proprietor of the manor, on the 15th of *May*, 1784, executed a lease to *Johannes Drom* and his wife, for their joint lives, for the farm in question, containing 150 acres. It was, among others things, covenanted, that if the parties of the second part, or the survivor of them, should be minded "to sell and dispose of, or assign their estate in the demised premises," it should be lawful for them, or the survivor of them, so to do, provided they first obtained permission in writing under the hand and seal of the lessor, or his heirs or assigns, and not otherwise, &c. The lease contained a *proviso*, making it void, in case all and every the articles, covenants, and agreements therein contained on the parts of the lessees were not observed and performed.

On the 8th of *March*, 1815, *John Drom* executed a lease under seal to *David R. Waldo* and *David Dakin*, for the consideration of 644 dollars, by which he " demised, leased, and to farm let," for twenty years, 32 acres and 32 perches of land, part of the farm so leased to him. It appeared also, that the farm so leased was bid off by *Stephen Miller* at a sheriff's sale on a judgment and execution against *John Drom*, at the suit of Miller, for the consideration of 1010 dollars, the amount of the judgment being 1478 dollars of debt, and 16 dollars and 62 cents costs.

The plaintiff proved that the sheriff's sale was after the death of *Drom*, on a *fieri facias*, issued before his death ; that *Stephen Miller*, being the highest bidder at that sale, did not take a deed to himself, but by a subsequent arrangement with the administrators of *Drom*, and with the defendant, it was agreed that the defendant should take the deed from the

sheriff, upon the bid of *Miller*, and pay *Miller* his debt, and the balance, making 1500 dollars in all, he should pay to the administrators of *Drom ;* and the sheriff accordingly executed a deed to the defendant, who is in possession of the premises ; the widow of *Drom,* for whose life, also, the lease was to endure, being still alive.

It was proved that the defendant admitted that he was in possession of about 18 acres of land, not included in the lease to *Drom,* and by the advice of the judge, a verdict was found for the plaintiff for 18 acres, 2 roods and 24 perches, absolutely, but subject to the opinion of the Court as to the residue of the premises.

The cause was submitted to the court without argument.

PLATT, J. delivered the opinion of the court. The plaintiff proved title under *Robert Livingston.* As to 18 acres 2 roods and 24 perches, part of the land in possession of defendant, the plaintiff's right to recover is undisputed, and as to the residue, a verdict for the plaintiff was taken, subject to the opinion of the court upon the facts stated in the case.

The only question is, whether a forfeiture has been incurred, or whether the covenant, on the part of the lessee, not " *to sell and dispose of, or assign his estate in the said demised premises,*" has been violated ?

The plaintiff's claim is *stricti juris* ; and to entitle him to recover, on the ground of forfeiture, he must bring his case within the penalty, on the most literal and rigid interpretation of the covenant.

In the case of *Crusoe, ex dem. Blencowe,* v. *Bugby* (3 *Wils.* 234) the lessee, in a lease for 21 years, covenanted not " *to assign, transfer, or set over, or otherwise do or put away the premises, or any part thereof,*" without permission ; and then made a lease to a stranger, for 14 years, of the same premises, and it was held no breach of the covenant, on the ground that the demise for 14 years, was an under-lease, and not an *assignment.* (*Harg. Co. Litt.* 308. a. *Strange,* 405.)

In the case of *Roe, ex dem. Gregson,* v. *Harrison,* (2 *Term Rep.* 425.) the lessee covenanted that neither he nor his administrators, would " *set, let, or assign over*" the demised premises, or any part thereof, without permission, &c. and authorized the lessor to re-enter for any breach of covenant.

NEW-YORK,
May, 1818.

JACKSON.
v.
SILVERNAIL.

The administrator of the lessee made an under lease of the premises, *for less than the original term*, without license; and the court sustained an ejectment for the forfeiture, on the ground that by the literal and necessary construction of the covenant, the lessee was restrained, not only from *assigning*, but also from *sub-letting*: the words " *set*" and " *let*" being synonymous with the word *demise*.

In the case now before us, the covenant is, that the lessee for lives would not " *sell and dispose of, or assign his estate in the demised premises*:" and he executed a lease of part of the premises for the term of 20 years.

Applying the principles of the adjudged cases, it is clear, that *Drom* did not, in this case, violate his covenant, by giving the lease for 20 years: Nothing short of an assignment of his whole estate in the land could work a forfeiture. *Drom* conveyed only a *lesser estate* for term of years, out of his *larger estate* for life; which was plainly a mere *sub-letting*, and not a " *selling and disposing of, or assigning his estate in the premises.*" The words " *sell and dispose of,*" as clearly refer to the " estate," as the word " *assign.*" It is a covenant by *Drom* not to " sell and dispose of " his estate, nor to " assign" his estate; and he has done neither, by giving the lease for a term of years.

In regard to the sale under the judgment and *fieri facias*, it is well settled that such a sale does not work a forfeiture; unless it appear that the proceedings were voluntary and collusive on the part of the tenant, with a view to defraud his landlord of his rights. (*Doe, ex dem. Mitchinson, v. Carter*, 8 *Term Rep.* 57. *Jackson v. Corliss*, 7 *Johns. Rep.* 531.) There is no evidence of any such fraud in this case.

The transfer of *Miller's* bid at the sheriffs sale, and the arrangement between the defendant and the administrators of *Drom*, was perfectly reconcilable with good faith, and worked no prejudice to the rights of the landlord.

The plaintiff is, therefore, entitled to recover no more than the 18 acres, 2 roods, and 24 perches, to which his title was admitted at the trial; that part of the defendant's possession not being covered by the lease to *Drom*.

Judgment for the plaintiff accordingly.

**END OF MAY TERM.**

# CASES

## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF NEW-YORK.

IN AUGUST TERM, 1818, IN THE FORTY-THIRD YEAR OF OUR
INDEPENDENCE.