Gardiner, Ch. J.
The single question presented is, whether the title to the lands devised to the issue of Mrs. Murray vested in her son Charles James, the respondent, or whether it descended to the heirs of the testator, there being no residuary devisees.
The 4th section of the act “ Of Wills and Testaments” provides, that “ every devise of any interest in real property to a person who, at the time of the death of the testator, shall be an alien not authorized by statute to hold real estate, shall be void. The interest so devised shall descend to the *379 heirs of the testator ; if there be no such heirs competent to take, it shall pass, under his will,, to the residuary devisees therein named, if any there be competent to take such interest.” (2 R. S., 57, § 4.) As Mrs. Murray was unmarried at the death of the testator, her son was not at that time an alien, and of coinse not within the terms of the act nor within its spirit, if its object, as the revisers intimate, was to discourage devises to aliens, by a knowledge upon the part of the devisor that they would be ineffectual. Whatever might be the purpose of the legislature, they have not said that the devise in this case shall be void; and as the testator intended the gift for the issue of his daughter, his heirs have no claim to an enlarged or equitable construction of the statute in their favor as against the state.
According to the common law this devisee could take, although he could not hold the lands against the paramount right of the people. (Coke Litt., 2; Comyn's Dig. Alien; Bacon's Ab. Aliens.) Here the state, in April, 1852, released and conveyed its right accruing by escheat, to the devisee, who thereby acquired a perfect title.
The judgment of the supreme court should be affirmed.
Crippen, J.
It is insisted on the part of the appellants that the real estate devised in trust for the benefit of Elizabeth Wadsworth, during her life, and after her death to her issue in fee, descended upon her death to the heirs at law of the testator, on the ground that her child was an alien and consequently incapable of taking and holding real estate in the State of New-York.
It is undoubtedly true that, at common law, an alien can take and hold real estate'either by devise or purchase, until office found. It is laid down in Coke on Littleton, that if an alien purchase lands and tenements, he is of capacity to take and hold the fee simple until office found, when the king shall have it by virtue of his prerogative. (Coke on Littleton, 2 a, b.) The same doctrine is found in *380 Comyn’s Digest (Aliens, C. 2), and in Bacon’s Abridgment, (Aliens, C.) Blackstone says, that though an alien may take real estate by purchase, yet he cannot by descent, by dower or by the curtesy, which are the acts of the law (2 Blackstone's Com., 249), for the law giveth the alien nothing. Though an alien may purchase land or take it by devise, yet he is exposed to the danger of being divested of the fee and of having the land forfeited to the state upon an inquest of office found. (2 Kent's Com., 53, 1st ed.) His conveyance is good as against himself, but the title is still voidable by the sovereign. The following authorities establish the same common law rule. (Fox v. Southack, 12 Mass., 143; Fairfax v. Hunter, 7 Cranch, 619, 620; Governeur v. Robertson, 11 Wheaton, 332.) The remainder in fee, therefore, devised to the issue of Mrs. Murray, if such issue be an alien, by the common law, escheated to the people. (The People v. Conklin, 2 Hill, 73.) It would not descend to the heirs of the devisor by reason of the alienism of the devisee of such remainder.
The doubt that rests upon the law of this case, as I infer from the briefs of counsel, arises out of the 4th section of chap. 6, part 2 of title 1 of the Revised Statutes. (2 R. S., 57, § 4.) It is there enacted, that “ every devise of 'any interest in real property to a person who at the time of the death of the testator, shall be an alien not authorized by statute to hold real estate, shall be void. The interest so devised shall descend to the heirs of the testator; if there be no such heirs competent to take, it shall pass under his will to the residuary devisees therein named, if any there be competent to take such interest.”
It appears from the case, that the testator died prior to September, 1844. Elizabeth, his daughter, was married in the month of December, 1850 ; her only child was born in November, 1851, and she died the following December, leaving such child surviving her. At the time of the testator’s death, his daughter Elizabeth was capable of taking *381 under the will; she was not an alien. Her child, the devisee of the remainder in fee, was not born until several years after the death of the testator.
The language of the statute is definite and certain, and 1 am unable to discover any reason for extending it further than the natural import of the words will authorize. How then can it be applied to a case where the devisee was not an alien at the time of the testator’s death? The plain reading of the act clearly shows to what case it applies. Unless the devisee was an alien at the time of the death of the testator, the act has no application. I have no doubt that this case must be governed by the common law rule. By this, as I have already shown the son of Mrs. Murray was capable, although an alien, to take the remainder in fee under the will and hold it until office found. The legislature in 1852, passed an act authorizing him to take and hold the lands situate in this state, which were devised to him by the last will and testament of his grandfather, James Wadsworth, deceased, in the same manner and with the like effect as if he had been a natural born citizen; and releasing to him all the interest of the state in such lands.
This statute, with the aid of the common law, confers upon him the title of the property. The judgment below must therefore be affirmed.
Judgment affirmed.