| 58 | 337 |
| 85 | 55 |
| 58 | 337 |
| 132 | 284 |

[No. 7,710.—In Bank.]

## THE PEOPLE EX REL. I. DANIELWITZ v. EDWARD E. HARVEY.

MUNICIPAL ELECTION IN SAN FRANCISCO—CONSTITUTIONAL LAW—SCHOOL DIRECTOR.—In an action to determine the right of the defendant to the office of School Director, to which he had been appointed on the 10th day of May, 1880 (under § 13, Supplement xiii, of the Consolidation Act of San Francisco), by the Superintendent, by and with the consent of a majority of the School Directors, to fill a vacancy—his term of office under the law being until the municipal election next ensuing, and the election and qualification of his successor. The relator claimed to have been elected to fill the vacancy at a municipal election held on the 2d day of November, 1880, and judgment in the lower court was given in his favor.

Held, That the alleged election was illegal and void, and that therefore the term of the defendant had not expired.

APPEAL from a judgment for the plaintiff in the Superior Court of the City and County of San Francisco. LAWLOR, J.

McClure, Dwinelle, & Plaisance, for Appellant.

McElrath & Eells and Jos. Rothschild, for Respondent.

The COURT:

Section 13 of Supplement xiii of the Consolidation Act of the City and County of San Francisco, provides, "Any vacancy in the office of School Director shall be filled by appointment by the Superintendent, by and with the consent of a majority of the School Directors then in office, and such appointees shall hold office respectively until the municipal election next ensuing, and the election and qualification of their successors in office."

At the general election held on the 3d of September, 1879, one Galloway was duly elected to the office of School Director of the said city and county. He entered upon the discharge of the duties of the office on the 16th of October following, and remained in office until May 10th, 1880, when he departed this life. Thereupon the defendant was duly appointed to fill the vacancy thus caused, and qualified as School Director. At the election held on the 2d of November, 1880, the relator, Danielwitz, was, among other persons, voted for, to fill the unexpired term of Galloway, and, having received a majority of the votes cast for that office, was declared elected, and instituted this action to establish his right to the office. In the Court below judgment was given in his favor.

It will be readily seen that the disposition of the case depends on the question whether the election held on the 2d of November, 1880, was the "municipal election next ensuing" the vacancy caused by the death of Galloway. This question admits of but one answer, and that in the negative. (*Barton v. Kalloch,* 7,414; *People* v. *Ransome,* 7,614; *Wood* v. *Board of Election Commissioners,* 7,774.)

Judgment reversed.

MYRICK, J., dissented.