ABEL R. HIGGINS, Appellant, v. ABIGAL McCONNELL, Impleaded, etc., Respondent.

The interest of a vendee, in possession of lands under a contract for the purchase thereof, upon which he has made partial payments, and to a conveyance of which he is entitled on completing his payments, may be levied upon by virtue of an attachment duly issued in an action against him. (Code Civ. Pro. § 645.)

A provision in such a contract that the vendee shall not assign the same without the consent of the vendors, is not broken where the transfer is by operation of a judgment.

Higgins v. McConnell (56 Hun, 277), reversed.

(Submitted December 21, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 25, 1890, which directed a final judgment dismissing the complaint, and reversed an interlocutory judgment in favor of the plaintiff entered upon an order of the Special Term overruling defendant's demurrer to the complaint.

This was an action to determine conflicting claims to the interest of the purchaser in a contract for the purchase and sale of lands and for a specific performance.

On January 5, 1875, Maximilian Hammond Dalison and Alfred Markby, as trustees, under the will of Richard Thomas Pulteney Pulteney, were seized of certain lands and premises situate in the town of Avoca, Steuben county, N. Y., and on that day entered into a contract with Abigal McConnell, for the sale thereof to him. Thereafter sundry payments were made upon said contract by him.

On March 17, 1886, an action was commenced in this court by the plaintiff against said Abigal McConnell and one Dexter McConnell, defendants, to recover upon their three promissory

notes given for merchandise, and on March 18, 1886, upon the application of plaintiff, a warrant of attachment was duly granted in said action, against the property of said defendant, Abigal McConnell, and delivered to the sheriff of the county of Steuben.

On the 19th day of March, 1886, pursuant to the said attachment, and the statute and practice in such case made and provided, all of the right, title and interest of the said defendant, Abigal McConnell, in said contract and lands was duly attached and notice thereof on that day duly filed and recorded in Steuben county clerk's office according to law.

On September 27, 1887, plaintiff recovered a judgment in said action against the said defendant, Abigal McConnell, and on October 5, 1887, an execution upon the said judgment was duly issued and delivered to said sheriff who, in pursuance of the said execution, duly advertised to be sold all the right, title and interest which the said defendant, Abigal McConnell, had in said contract and in said lands under said contract, on the 19th day of March, 1886, the time when the same was attached as hereinbefore set forth, and the said right, title and interest of said Abigal McConnell, in or under said contract, was on the 19th day of November, 1887, pursuant to said advertisement, sold at public sale, and the same was struck off to the plaintiff who was the highest bidder therefor, and on the same day, said sheriff executed and delivered to this plaintiff, a certificate of such sale.

Some time after the 19th day of March, 1886, said Abigal McConnell executed and delivered to the defendant Linderman an instrument in writing purporting to assign to him the said contract, or her interest therein, and said Linderman now claims some right or interest in said contract under said alleged assignment.

Said assignment was made and intended by the parties thereto as security for an alleged pre-existing indebtedness of said Abigal McConnell.

Said Abigal McConnell is in possession of said premises, and withholds possession of the same from the plaintiff.

Before the commencement of this action the plaintiff offered to pay to said trustees the amount unpaid upon said contract, and requested them to convey said premises to plaintiff, but said trustees have refused and still refuse to convey unless and until the conflicting rights of the parties in respect to said lands and contract shall be determined in an action in equity for that purpose, and the plaintiff, therefore, brought this action.

*J. F. Parkhurst* for appellant. By levying the attachment, plaintiff acquired a lien upon defendant's interest in the land held under contract, and such interest was properly sold thereunder. (Code Civ. Pro. §§ 645, 656, 1253, 1274; Gerard on Titles [2d ed.], 712; *Lee* v. *Hunter*, 1 Paige, 519; *Wright* v. *Douglass*, 2 N. Y. 376; Watson on Sheriffs, 208; *White* v. *Butler*, 29 Mich. 129; *Page* v. *Rogers*, 31 Cal. 293; *Slater's Appeal*, 29 Penn. St. 169; *R. P. Co.* v. *Dougherty*, 81 N. Y. 481; *Jackson* v. *Scott*, 18 Johns. 94; *Jackson* v. *Walker*, 4 Wend. 463; *Lynch* v. *Crary*, 52 N. Y. 84; *Thurber* v. *Blanck*, 50 id. 84; Pom. Eq. Juris. §§ 1410, 1411, 1412.) The objection that the McConnell contract was not within the meaning of section 645, because of the clause prohibiting its assignment without consent of the vendors, has no force. (Gerard on Titles [2d ed.], 137, 138; *Overbagh* v. *Patrie*, 8 Barb. 28; 6 N. Y. 510.)

*Hakes, Page & Acker* for respondent. The alleged sale of defendant's interest in the land contract was an absolute nullity, because such a sale upon execution is expressly prohibited by the Code. (Code Civ. Pro. §§ 644, 1253; 1 R. S. 744, § 4; *Sage* v. *Cartwright*, 9 N. Y. 49; *Hotailing* v. *Hotailing*, 47 Barb. 63.) The equitable interest of the defendant McConnell was not the subject of levy under the attachment. (*T. G. C. Co.* v. *Smith*, 110 N. Y. 83; *McCauley* v. *Smith*, 32 N. Y. S. R. 745; Kneeland on Attach. §§ 324, 325–328; *Disborough* v. *Outcalt*, 1 Saxt. 298; *Anthony* v. *Wood*, 96 N. Y. 180; *Manchester* v. *Tibbetts*, 121 id. 219; *Hawley* v. *James*, 5 Paige, 318; *Powers* v. *Ingraham*, 3 Barb. 576; *Tibbs* v.

*Morris,* 44 id. 138; *Stone* v. *Sprague,* 24 N. Y. 509; *Lee* v. *Hunter,* 1 Paige, 536.) Assuming that the plaintiff had an attachable interest in the land, then the complaint fails to state a cause of action, unless it should be held that the sheriff's sale of this equitable interest was of some force. (Code Civ. Pro. § 1874; *Bowe* v. *Arnold,* 31 Hun, 256; *Thurber* v. *Blanck,* 50 N. Y. 80–86; *Anthony* v. *Wood,* 96 id. 160; *Adee* v. *Bigler,* 81 id. 349; *Geary* v. *Geary,* 63 id. 352; *Adsit* v. *Butler,* 87 id. 585.) It is submitted that the complaint is defective also in not stating facts showing that the warrant of attachment was duly granted. (Code Civ. Pro. § 532.) There being no answer interposed by the respondent, the appellant cannot claim that the complaint authorizes any judgment different from his prayer for relief. (*Evans* v. *Burton,* 5 N. Y. S. R. 216; *Stevens* v. *Mayor, etc.,* 84 N. Y. 296; *Kelly* v. *Downing,* 42 id. 71.)

LANDON, J. The question presented by the demurrer to the complaint is whether the interest of a defendant under a contract for the purchase of the land upon which he has made partial payments, and is in possession, and entitled to a conveyance of the land upon completing his payments, can be levied upon by virtue of an attachment duly issued in an action against him in the Supreme Court.

We think it can. Section 644, Code C. P., provides that the sheriff must execute the warrant of attachment " by levying upon so much of the personal and real property of the defendant, within his county, not exempt from levy and sale by virtue of an execution, as will satisfy the plaintiff's demand, with the costs and expenses." This, in terms, provides for a levy upon real property, and admits of the distinction between the property itself and an interest in the property, and suggests that the authority to levy upon the real property of the defendant is no authority to levy upon the real property of another in which the defendant has only some interest less than a legal estate. But section 645 was added; it was a new provision, and declared that " The real property which may be levied upon

by virtue of a warrant of attachment, includes any interest in real property, either vested or not vested, which is capable of being aliened by the defendant."

The interest of the defendant under this contract for the purchase of the land comprises the actual possession, the right of possession, and the right to acquire the right of property. It is a valuable interest, and is alienable.

The question whether the interest of a person holding a contract for the purchase of land was bound by a judgment and could be sold upon execution, was, prior to the Revised Statutes, the subject of frequent and conflicting decisions. The Court of Errors, in 1819, in *Bogert* v. *Perry* (17 Johns. 351), held that it could not be, but the Supreme Court subsequently held that it could be, if the holder of the contract was in possession. (*Jackson* v. *Scott*, 18 Johns. 94; *Jackson* v. *Parker*, 9 Cow. 73.)

The Revised Statutes provided that such an interest should not be bound by the docketing of any judgment or decree, nor sold by execution issued thereon. (1 R. S. m. p. 744, § 4.) The question, as we learn from the reviser's notes, was one of public policy, and in order to mitigate the injustice of the rule adopted, the following sections provided that such an interest might be reached by means of an action in the nature of a creditor's bill.

These provisions are substantially re-enacted in sections 1253, 1874, 1875 of the Code of Civil Procedure; the corresponding provisions of the Revised Statutes were repealed by chapter 245, Laws of 1880.

Section 1253 provides that "the interest of a person holding a contract for the purchase of real property, is not bound by the docketing of a judgment, and cannot be levied upon or sold by virtue of an execution issued upon a judgment." It is thence argued by the defendant that the interest in question cannot be attached. But the argument is untenable if this section and section 645 are reconcilable one with the other.

It does not necessarily follow that a provision as to the effect of a judgment and execution in the absence of an attachment,

controls other provisions as to their effect when aided by an attachment. Section 1370 prescribes the requisites of an execution where a warrant of attachment issued in the action has been levied by the sheriff. Section 708, subdiv. 2, prescribes the duty of the sheriff to whom such an execution is issued. He does not re-levy upon any of the attached property, the execution simply authorizes him to sell it.

There are valid reasons why an attachment should reach the interest of a holder of a contract for the purchase of land. He may be a non-resident and never come within the state, so that personal service can be made upon him. In such case the personal judgment which must precede a judgment creditor's action cannot be obtained. But if his interest can be seized upon attachment, jurisdiction of that interest can be obtained and it can be disposed of to satisfy the domestic creditor. (Code C. P. § 707.) The reasons which withdraw the interest in question from the binding force of a judgment and execution are technical, and the relaxation of the rule in the case of attachments seems to be in the interest of substantial justice. The letter of section 645 permits this attachment; other provisions show the policy of the law to be to extend the scope of this remedy; it can scarcely be doubted that when the framers of section 645 employed the words " any interest in real property" to indicate what was attachable, that this peculiar interest which had engaged the attention of the courts and legislature was considered; and if we concede that it was not, it would still remain to be held that if it had been considered the language of the section would have been different. It was held in *Wright* v. *Douglass* (2 N. Y. 376), in reference to the provision for the attachment " of all the estate real and personal of such corporation," that " the statute in terms applies to an equitable as well as a legal interest in lands." Section 645 does not appear to be less comprehensive, and we see no reason why we should narrow its scope by construction.

There is a provision in the contract that the vendee will not assign the same without the written consent of the vendors;

this provision concedes the alienable quality of the interest and provides by the personal covenant of the vendee against it. Such a covenant is not broken where the transfer is by the operation of a judgment. (*Jackson* v. *Silvernail,* 15 Johns. 278; *Jackson* v. *Corliss,* 7 id. 531; *Smith* v. *Putnam,* 3 Pick. 221.) The defendant has not assigned. (*Roosevelt* v. *Hopkins,* 33 N. Y. 81.)

The judgment of the General Term should be reversed, with costs, and the interlocutory judgment of the Special Term affirmed, with costs of the General Term.

All concur, except HAIGHT and BROWN, JJ., dissenting.

Judgment accordingly.