The following opinions were given pursuant to the Constitution of Rhode Island, Art. 10, § 3, which requires the judges of the Supreme Court to "give their written opinion upon any question of law whenever requested by the Governor or by either house of the General Assembly.

### In Re the Realty Voters.

The interest in real estate which a person must have to entitle him to vote under the Constitution of Rhode Island, Art. 2, § 1, which requires that an elector to be qualified to vote by reason of ownership of real estate shall be one " who is really and truly possessed in his own right of real estate . . . . being an estate in fee simple, fee tail, for the life of any person, or an estate in reversion or remainder, which qualifies no other person to vote," must be a vested legal estate as distinguished from an equitable interest.

The Constitution of Rhode Island Art. 2, § 1, is as follows :

SECTION 1.   Every male citizen of the United States, of the age of twenty-one years, who has had his residence and home in this state for one year, and in the town or city in which he may claim a right to vote, six months next preceding the time of voting, and who is really and truly possessed in his own right of real estate in such town or city of the value of one hundred and thirty-four dollars over and above all incumbrances, or which shall rent for seven dollars per annum over and above any rent reserved or the interest of any incumbrances thereon, being an estate in fee-simple, fee-tail, for the life of any person, or an estate in reversion or remainder, which qualifies no other person to vote, the conveyance of which estate, if by deed, shall have been re-

corded at least ninety days, shall thereafter have a right to vote in the election of all civil officers and on all questions in all legal town or ward meetings so long as he continues so qualified. And if any person hereinbefore described shall own any such estate within this state out of the town or city in which he resides, he shall have a right to vote in the election of all general officers and members of the general assembly in the town or city in which he shall have had his residence and home for the term of six months next preceding the election, upon producing a certificate from the clerk of the town or city in which his estate lies, bearing date within ten days of the time of his voting, setting forth that such person has a sufficient estate therein to qualify him as a voter ; and that the deed, if any, has been recorded ninety days.

In response to a communication from the Governor the judges of the Supreme Court gave the following opinion, November 1, 1895.

*To His Excellency Charles Warren Lippitt, Governor of the State of Rhode Island and Providence Plantations :*

We have received from Your Excellency a communication requesting our opinion upon the following questions :

1. Is the right to vote, which is conferred by Article 2, section 1 of the Constitution of Rhode Island, limited to persons possessing the legal estates therein enumerated, to the exclusion of persons otherwise qualified by age, residence, citizenship, having only equitable interests in such real estate ?

2. Can a person be " really and truly possessed in his own right" under Article 2, section 1 of said Constitution, of an equitable interest in real estate ?

To these questions we have the honor to submit the following reply :

The two questions present, in different forms, the single inquiry whether the ownership of what is termed by the courts an equitable interest in real estate, to the extent described in Article 2, section 1 of the Constitution, is sufficient to qualify a person in this respect to vote. We answer this question in the negative. The Constitution requires that an

elector who is to be qualified to vote by reason of ownership of real estate, shall be one "who is really and truly possessed in his own right of real estate," . . . . . "being an estate in fee simple, fee tail, for the life of any person, or an estate in reversion or remainder which qualifies no other person to vote." This language is plain, and clearly points out a vested legal estate held by one in his own right. In law the legal estate is the whole estate, and the holder of the legal title is the sole owner. But this title may be held for the beneficial interest of another, which interest ·has come to be called an equitable estate. It is not, however, strictly speaking, an interest in the land itself, but a right which can be enforced in equity. The possession, therefore, is in him who holds the legal estate, and not in the owner of the beneficial interest. The latter cannot be said to be "really and truly possessed" of the real estate, either in law or within the meaning of the Constitution. It may be said that the word "possessed" in the Constitution is not used in its technical and strict sense, because it provides for ownership of an estate in reversion or remainder, when possession would be in another. Doubtless this is so; and this construction was recognized by this court in *The Liquors of Hogan*, 16 R. I. 542. "Possessed" is used in the sense of ownership, and with reference to an estate which really and truly belongs to one. Granting this, it must nevertheless be an estate in the land, which an equitable right is not, and the Constitution goes on to specify what sort of an estate it must be, viz., an estate in fee simple, fee tail, for the life of a person, or an estate in reversion or remainder. These embrace well defined legal estates which are vested and owned. One may be said to be possessed of such an estate in the general meaning of the word, because it is his property, although the present right of possession may be in another. But it would be a stretch of these terms to hold that they describe an equitable estate. They are often used in connection with the word "equitable" for convenience in describing the extent of a beneficial interest which is held in trust, but evidently they were not so used in the Constitution in de-

scribing the qualification of an elector. At the time of the adoption of the Constitution, trust estates were so rare in this State that it is hardly to be presumed that they were had in mind as a qualification for an elector. Moreover, a very great practical difficulty would arise if the language used in the Constitution should be held to cover an equitable interest. Every board of canvassers would become a tribunal to consider deeds and devises in trust of the most abstruse, technical and perplexing character, in order to determine whether they convey equitable freeholds, if we may so call them, or not. Our opinion is that the Constitution meant to provide for the simple ownership of a vested legal estate, held by one in his own right, and for nothing else.

<div style="text-align:right">

CHARLES MATTESON,
JOHN H. STINESS,
P. E. TILLINGHAST,
GEORGE A. WILBUR,
HORATIO ROGERS,
WM. W. DOUGLAS.