(31 Misc. Rep. 623.)

PACKARD v. SUGARMAN et al.

(Supreme Court, Special Term, Onondaga County. May, 1900.)

1. CONTRACTS OF SALE WITH BUILDING LOAN—FAILURE TO FILE—PENALTY—MECHANICS' LIENS.

    Laws 1897, c. 418, § 21, provides that contracts for sale of land with a building loan must be in writing, and filed with the county clerk, and that, if not filed, the interest of each party to the contract is subject to lien, notice of which shall be thereafter filed. Plaintiff agreed to sell S., one of the defendants, land, on which S. agreed to build; plaintiff to make a building loan, and deed not pass till purchase price and loan were paid or secured. The contract was in writing, but was not filed. Defendant M. furnished materials for the building. *Held*, that plaintiff's interest in the land was subject to M.'s lien, irrespective of M.'s knowledge or ignorance of the contract.

2. SAME—NOTICE OF LIEN—CONTENTS.

    Laws 1897, c. 418, § 9, prescribes that a lienor shall include in his notice of lien the name of the owner of the real property against whose interest a lien is claimed. Plaintiff contracted to sell land to S., one of the defendants; S. agreeing to build thereon, and plaintiff agreeing to make S. a building loan. The contract was not filed with the county clerk. On September 12th plaintiff deeded the land to S., taking back a mortgage for the purchase price and the amount of the building loan. Defendant M. had furnished materials to S. for the building prior to the making of the deed, and filed his notice of lien on October 6th, after S. had conveyed to a purchaser in good faith, and without notice of M.'s claim. M.'s notice of lien did not contain plaintiff's name as owner of the premises against whose interest a lien was claimed. *Held*, that M.'s claim was not a lien on plaintiff's mortgage interest.

Action by Nathan J. Packard against Barnett Sugarman and others to foreclose a mortgage.

Plaintiff seeks to foreclose a mortgage, for $950 and interest upon premises of which the title and possession are held by the defendant Screiber. The defendant McChesney asks at this time, in effect, that a mechanic's lien for materials sold to Sugarman, and used in the erection of a house upon said premises, before they were conveyed to Screiber, be held a claim against, and paya-

ble out of, plaintiff's interest as mortgagee. No claim upon or under said mechanic's lien is made against Screiber, who is conceded to have purchased the premises for value before the lien was filed, and without notice thereof. Plaintiff's mortgage was executed and recorded before McChesney's lien was filed. The claim that the latter should be paid out of the mortgagee's interest is based on section 21 of the act in relation to liens, etc. (chapter 418, Laws 1897), in reference to contracts for the sale of lands with building loans.

Samuel Packard, for plaintiff.
David F. Costello, for defendant Screiber.
F. N. White, for defendant McChesney.

HISCOCK, J. August 6, 1899, plaintiff and his brother, who were co-partners, made a contract in writing to sell to the defendant Sugarman the premises in question for $800. The contract contained the following clauses:

"Second party [Sugarman] hereby agrees to build upon said lot aforesaid a house, according to the plans and specifications hereto agreed upon between these parties. * * * Said first parties hereby agree to loan to said second party from time to time, in the course of the construction of said building, an amount not to exceed the sum of $1,200, which money is to be used only in the construction of said building. Said second party agrees to pay said first parties the sums so advanced by Oct. 1, 1899; and, if not paid on that day, the amount so loaned is to bear interest at the rate of six per cent. per annum. Said deed not to be delivered until the amount loaned and purchase price of lot is paid to first party, or sufficient security satisfactory to first party given in lieu thereof."

This contract was never filed in the clerk's office of the county where the premises were situated, but the defendant McChesney saw it August 30th. After the execution of this contract, Sugarman entered into possession of the premises covered thereby, and commenced the erection of a house, as therein provided; and McChesney sold and delivered to him materials to be used in the construction thereof on and prior to September 12th, amounting to $277.04. It is this amount for which he seeks to enforce his lien, waiving upon the trial any claim for materials supplied after that date. Upon the date last mentioned (September 12th) further proceedings under the contract for sale were terminated by the Packards executing to Sugarman a deed of the premises in question, and taking back, in the name of the plaintiff, the mortgage involved in this action, for $950, of which $800 was purchase price, and $150 moneys advanced under the clause of the contract already quoted. Upon October 2d, Sugarman executed the conveyance of said premises already referred to, to defendant Screiber, and it was duly recorded the next day. October 6th McChesney filed his lien herein urged. His notice thereof was directed to Screiber and Sugarman, "owners and persons in interest." It recited, in substance, that he had a lien against Screiber, as "owner of the real property" therein described, for "lumber and building materials furnished by said Geo. H. McChesney to Barnett Sugarman." And, what is especially urged by plaintiff, it contained no notice of any claim against plaintiff, nor any reference in any form to him, or any claim or interest of his in said premises.

Upon these principal facts, the question is raised whether, in effect, McChesney can have his mechanic's lien paid out of plaintiff's mort-

.gage interest in said premises, under section 21 of the lien law, already .referred to. No good reason is called to my attention why the con-.tract of sale between Packard and Sugarman should not be treated as ,a contract for the sale of land, with a building loan, within the provisions of said section. Assuming that it is to be so regarded, the .interest of said plaintiff thereunder, as against the mechanic's lien, .became subject to the liabilities therein prescribed by reason of the failure to file such contract in the clerk's office. It does not avoid ,such liability to say that the material man knew of its provisions, al-though not filed. The statute absolutely and unconditionally pre-.scribes the penalty which shall follow the failure to file such a paper. It does not prescribe, for instance, that the liability shall follow, in ,case of nonfiling, in favor of a material man who shall deliver materials .in good faith, and without notice of it.

It is next urged, in behalf of the lienor, that the execution by the ,vendor under the contract of sale to the vendee of a deed of said premises, and the execution by the latter back to the former of the mortgage .in question, all before the date contemplated in the contract, but ,amounted to a modification of the latter, within the terms of section 21, and that therefore such acts do not affect or impair his rights to have a lien against plaintiff. I will assume herein that this is so,—-that any right which McChesney had to file a lien against plaintiff's interest in said premises, upon September 12th would not be cut off by .the execution of said deed and mortgage.

Accepting a view in favor of the lien, upon these questions, I come .now, however, to a point which, in my judgment, stands in the way of :its enforcement against plaintiff. Section 21 contemplates the enforcement of a lien, under the contingencies therein prescribed, against the interest which a person has under his contract of sale. It pre-·scribes that "the interest of each party to such contract in the real ·property affected thereby is subject to the lien," etc. And, again, ·in providing that a modification of such a contract shall not impair the rights of a person who has furnished materials, it says that such rights or interest "shall be determined by the original contract." The ·interest of plaintiff, under said contract, against which McChesney could have enforced his lien, was that of an owner of real estate which ·he had contracted to sell to another. He was undoubtedly an "owner," within the definition of that term laid down in section 2 of the ·lien law. The legal title to real estate does not pass, under a contract for the sale thereof, to the vendee thereunder, so as to be subject to· levy and sale under execution. It must, therefore, remain in the vendor. Code, § 1253; Higgins v. McConnell, 130 N. Y. 482, 29 N. E. ·978. Independent of this statutory rule, however, the definition of the word "owner" given in the statute under review is so broad as to leave no doubt that it was intended to cover thereby a person like plaintiff, holding the legal record title to real estate, although a contract for the sale thereof had been given. This being so, if McChesney ·desired to enforce a lien, by virtue of section 21, against plaintiff's interest in said premises, the interest against which he must have pro-·ceeded was that held by plaintiff as "owner" under the contract of sale. And, if he desired to do this, it was his duty in his notice to state

plaintiff's name as the owner of real property against whose interest therein a lien was claimed. Lien Law, § 9. This he did not do, and because of such failure his notice was fatally defective, and he cannot have any lien. De Klyn v. Simpson, 34 App. Div. 436, 447, 54 N. Y. Supp. 345. The apparent theory of the defendant McChesney, by his notice and answer, was that his lien was a lien upon the interest in said premises of Sugarman and Screiber which was prior to the plaintiff's mortgage. This theory, however, became untenable, and it was admitted by him that, before notice of his lien was filed, Sugarman conveyed all of his title in the premises to Screiber for value, and without notice of, and not subject to, defendant's claim. It then became necessary that defendant's lien should be collected, if at all, out of the sum which Screiber was bound to pay upon plaintiff's mortgage, and hence the claim of a lien upon plaintiff's mortgage interest in said premises already discussed.

Findings and judgment may be prepared directing a foreclosure of plaintiff's mortgage, with costs; such costs down to and including defendant McChesney's answer to be collected out of the property, and, from that point on, from said defendant; defendant Screiber to have taxable costs up to $50 against said defendant McChesney. Order accordingly.