Argued 22 June, decided 17 July, 1905.

**POGUE v. SIMON.**

81 Pac. 566.

LIEN OF JUDGMENT ON EQUITABLE INTEREST IN LAND.

1. In Oregon the lien of a judgment does not attach to an equitable interest, and of course such an interest is not liable to sale on an execution.

NATURE OF RIGHT OF EXECUTION PURCHASER BEFORE DEED.

2. Under Section 227 of B. & C. Comp., providing that "all property * * or interest therein of a judgment debtor shall be liable to an execution" the interest of a purchaser of land at an execution sale in the property purchased between the expiration of the period for redemption and the execution of a sheriff's deed is a substantial legal estate subject to levy and sale.

From Marion : GEORGE H. BURNETT, Judge.

Action by M. E. Pogue against N. Simon, in which there was a judgment for defendant.                    REVERSED.

For appellant there was a brief over the names of *William M. Kaiser* and *Woodson T. Slater*, with oral arguments by *Mr. Kaiser* and *Mr. Myron Edwin Pogue, in pro. per.*

For respondent there was a brief and an oral argument by *Mr. George Greenwood Bingham.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. This is an action to recover possession of real property formerly belonging to W. E. Hawkins. On October 12, 1895, it was sold at sheriff's sale on an execution issued on a judgment against Hawkins and in favor of Samuel Heitshu, and purchased by Heitshu. The sale was con-

firmed, and, after the time for redemption had expired, but before the execution of a sheriff's deed, Heitshu's interest was seized under an execution on a judgment against him, and sold to one Goodnough. This sale was confirmed, and in due time a sheriff's deed was regularly executed and delivered to the plaintiff, to whom the certificate of sale had in the mean time been assigned by Goodnough. Two days after the levy of the execution on Heitshu's interest he assigned his certificate of sale to a Mrs. Tuthill, to whom a sheriff's deed was subsequently made, and who conveyed the property to the defendant. It thus appears that both parties claim title through Heitshu, and the only question for decision is whether at the time of the levy under the execution on the judgment against him in favor of Goodnough he had such an estate or interest in the property as could be levied upon and sold under an execution at law. The statute (B. & C. Comp. § 227) provides that "all property, including franchises, or rights or interest therein, of the judgment debtor, shall be liable to an execution, except as in this section provided." It has been held that such a statute applies to an equitable as well as a legal interest in land: *Wright* v. *Douglass*, 2 N. Y. 373; *Higgins* v. *McConnell*, 130 N. Y. 487 (29 N. E. 978); *Page* v. *Rogers*, 31 Cal. 293, 301. The ruling of this court, however, is that a judgment is not a lien on a mere right or interest which can only be asserted or enforced in a court of equity, nor can such an interest be seized and sold under an execution at law: *Smith* v. *Ingles*, 2 Or. 43; *Bloomfield* v. *Humason*, 11 Or. 229 (4 Pac. 332); *Silver* v. *Lee*, 38 Or. 508 (63 Pac. 882).

2. The estate or interest of Heitshu, however, at the time of the levy and sale under the execution on the judgment against him was more than such an equity. It was a substantial right or interest in the property. The time for redemption had expired and his inchoate right acquired

by his purchase, had become absolute and indefeasible. It is true the sheriff's deed had not been made, and therefore the record title was still in the judgment debtor. But this was nothing more than a dry, naked legal title, without any beneficial interest, and one of which he could have been deprived at any time without his consent by a sheriff's deed. A purchaser at an execution sale is entitled to the possession of the property from the day of sale. Until the time for redemption has expired, his right or title is inchoate, and liable to be defeated by a redemption. When the right of redemption no longer exists, his possession and estate are complete, although the technical naked legal or record title remains in the judgment debtor until the execution and delivery of the sheriff's deed. An equitable title is "a right or interest in land, which, not having the properties of a legal estate, but being merely a right of which courts of equity will take notice, requires the aid of such court to make it available": 1 Bouvier, Law Dic. (Rawle's ed.) p. 680. The estate or interest of a purchaser at an execution sale after the time for redemption has expired is not a right of which a court of equity alone will take notice, nor does it require the aid of such a court for its preservation or protection. It is a substantial legal estate, and in case of a refusal of the sheriff to make a deed as required the remedy of the purchaser is not in equity, but by mandamus, or motion in the court from which the execution issued: 25 Am. & Eng. Enc. Law (2 ed.), 809.

In speaking of the effect of a deed made in the name of a purchaser at an execution sale after his death, the Supreme Court of Washington says: "It is no doubt true that a deed so executed could have no force whatever, but it does not follow that no title was acquired by the purchaser at the execution sale. The certificate of purchase and confirmation of sale were alone essential to pass the substantial

title of the defendant in the execution to the purchaser at the sale. The execution of the deed after the time for redemption had expired was a purely ministerial act on the part of the officer, and could have been compelled by the purchaser, or those claiming under him, at any time in a proper proceeding for that purpose": *Diamond* v. *Turner*, 11 Wash. 189, 192 (39 Pac. 379). Mr. Justice SAWYER says, in *Page* v. *Rogers*, 31 Cal. 293, 301, that the purchaser at an execution sale "acquires an equitable estate in the lands; conditional, it is true, but which may become absolute by simple lapse of time, without the performance of the only condition which can defeat the purchase. The legal title remains in the judgment debtor, with the further right in him and his creditors having subsequent liens to defeat the operation of a sale already made during a period of six months, after which the equitable estate acquired by the purchaser becomes absolute and indefeasible, and the mere dry, naked legal title remains in the judgment debtor, with authority in the sheriff to divest it by executing a deed to the purchaser." And in a note to *McIlvaine* v. *Smith*, 97 Am. Dec. 311, it is said by the compiler that a "purchaser at execution, after the period of redemption has expired, and before conveyance to him by the sheriff, has an interest which is undoubtedly subject to execution; for in that case the equitable estate acquired by the purchaser becomes absolute and indefeasible."

We are of the opinion, therefore, that Heitshu had a title to the property in question at the time of the levy under the execution against him that could be legally seized and sold under execution, and therefore the judgment must be reversed.                                    REVERSED.