JOSEPH C. DEARSTINE, Plaintiff, *v.* THOMAS CARPENTER, WILLIAM GALLINGER, FRANK ANKER, CLAUDE PERKINS, CHARLES GILLINGHAM, EDWARD WHITE and HARRY WOODIN, DAVID MAHONEY COMPANY, JOE SALMON and KALTEAUX BROTHERS COMPANY, Defendants.

(Supreme Court, Schenectady Trial Term, January, 1919.)

Liens — foreclosure of mechanics' liens — contract for building loan must be filed — Lien Law, §§ 11, 22.

Under section 22 of the Lien Law a contract for a building loan must be filed in the clerk's office of the county in which any part of the land is situated, within ten days of its execution.

Under section 11 of the Lien Law, which does not provide for filing or indexing a notice of lien against or for serving it upon any one except the owner, the effect of filing a notice of lien against an owner who has made a loan contract, which has not been filed, is to subject the interests of each in the real property affected to the lien of a person who thereafter files a notice of lien.

Though the lender under a loan contract acquires no lien upon the real property affected, even if the contract is filed, he may acquire a lien by taking a mortgage in conjunction with the contract, and where he does so, the contract and the mortgage constitute the transaction, and if the contract is not filed, the lender's interest under his mortgage will be superseded by a subsequently filed lien without it being filed or indexed against him or served upon him.

ACTION to foreclose a mechanic's lien.

Walter Briggs and Cyrus W. Briggs, for plaintiff.

Visscher, Whalen & Austin, for defendant Gallinger.

George H. Smith, for defendant Anker.

N. B. Spalding for defendants Perkins, Gillingham, White, Woodin, David Mahoney Company and Kalteaux Brothers Company.

Edgar Davies, for defendant Salmon.

WHITMYER, J.  The action is for the foreclosure of a mechanic's lien.  Between November 8, 1917, and December 7, 1917, plaintiff furnished materials in the sum of $1,559.67 for a house, which defendant Thomas Carpenter was building on his lot on the easterly side of Bedford road in the twelfth ward of the city of Schenectady.  Before that and on or about October 10, 1917, Carpenter had given his bond, dated October 1, 1917, for $5,000, with a mortgage on the property in the same sum, to defendant William Gallinger.  The mortgage was recorded on October 11, 1917, at four minutes past nine in the morning.  Carpenter and Gallinger had also entered into a loan contract in writing.  It was dated October 12, 1917.  It recited that it was made to enable Carpenter to better finance the construction of the house and that he had given Gallinger his bond for $5,000 payable one year from date, with a mortgage as collateral.  Under it, Carpenter agreed to have the frame work erected, all the outside finish in place, except the last coat of stucco, the roof complete, the chimney complete, the windows in place, and the interior all plastered, on or before December 5, 1917, and Gallinger agreed to advance the sum of $3,000 when said work was done.  Carpenter agreed, further, to have the house completed and the grading done on or before January 19, 1918, and Gallinger agreed to advance the balance of $2,000 ten days thereafter.  The writing was not acknowledged or filed.  Carpenter commenced the work.  On November 2, 1917, Gallinger advanced the sum of $465, on November 6, 1917, $465, on Novem-

ber 12, 1917, $465, on November 17, 1917, $400, and on November 21, 1917, $400, in all, $2,195. The advances were by checks of Mary Gallinger, the mortgagee's wife. After the last one, Carpenter did not go on with the work and Gallinger stopped advancing. Thereupon and on December 7, 1917, plaintiff filed his lien for $1,609.28. It was directed to the county clerk and to Thomas Carpenter, owner and persons in interest and all others whom it might concern. It stated that Carpenter was owner in fee of the property. It did not name and was not served upon Gallinger. On December 1, 1917, Frank Anker filed a lien for $500, for labor performed and materials furnished between October 23, 1917, and November 13, 1917. No part thereof has been paid. It has been stipulated that this lien shall be subsequent to plaintiff's. On December 19, 1917, Claude Perkins, Charles Gillingham, Edward White and Harry Woodin filed a lien for $1,000 for carpenter work performed between November 13, 1917, and December 18, 1917, under a contract. The sum of $331 is due. On December 20, 1917, the David Mahoney Company filed a lien for $160.85, for materials furnished between November 13, 1917, and December 15, 1917, and no part has been paid. On December 27, 1917, Joe Salmon filed a lien for $97.50 for labor performed and materials furnished between December 8, 1917, and December 14, 1917, no part of which has been paid. And, on January 2, 1918, Kalteaux Brothers Company filed one for $34.39 for labor performed and materials furnished on November 9, 1917, and November 10, 1917, and no part of that has been paid. The several liens were directed to Carpenter and did not name Gallinger, nor were they served upon him.

Plaintiff alleged in his complaint and claims that his lien is prior to Gallinger's interest under his

mortgage because the loan contract was not filed. He served his complaint on all of the defendants. Anker did not claim priority over Gallinger in his answer. He served on plaintiff, but not on any defendant. Perkins, Gillingham, White and Woodin claimed priority over Gallinger in their answer and served same on plaintiff, but not on Gallinger and not on any other defendant. David Mahoney Company did not claim priority over Gallinger in its answer and served on plaintiff, but not on Gallinger. Salmon claimed priority over Gallinger in his answer and served same on plaintiff and on each defendant. And Kalteaux Brothers Company did not claim priority over Gallinger and served on plaintiff, but not on Gallinger.

The question as to Gallinger's position depends upon the meaning of section 22 of the Lien Law. Laws of 1909, chap. 38. The section, so far as material, provides: "A contract for a building loan, either with or without the sale of land, and any modification thereof, must be in writing and duly acknowledged and within ten days after its execution be filed in the office of the clerk of the county in which any part of the land is situated, * * *. If not so filed the interest of each party to such contract in the real property affected thereby, is subject to the lien and claim of a person who shall thereafter file a notice of lien under this chapter. * * * Such contracts and modifications thereof shall be indexed in a book provided for that purpose, in the alphabetical order of the names of the persons to whom such loans shall be made." The section relates to building loan contracts, either with or without the sale of land. It was derived from section 21, chapter 418, Laws of 1897, which, however, related only to a contract for the sale of land with a building loan. Furthermore, section 21 did not

require acknowledgment and provided that the contracts should be indexed in the alphabetical order of the names of the vendees. Otherwise, it was like section 22. It was amended to read as section 22 reads by chapter 78, Laws of 1900, and was made section 22 by chapter 38, Laws of 1909. Under the section, the interest of each party to a loan contract in the real property affected, if the contract is not filed, is subject to the lien and claim of a person, who shall thereafter file a notice of lien " under this chapter." A lien under the chapter is one against the owner, meaning the owner in fee of the real property affected, or of a less estate therein, a lessee for a term of years, a vendee in possession under a contract of purchase, and all persons having any right, title or interest in the property, which may be sold under an execution, pursuant to statutes relating to the enforcement of judgments, and extends to his right, title or interest existing at the time of filing the notice of lien. Lien Law, §§ 2, 3, 4. The chapter provides that the notice shall state the name of the owner against whose interest a lien is claimed and his interest so far as known to the lienor, and that it shall be indexed against the owner in a book, called the " lien docket." Lien Law, §§ 9, 10. And it provides for service of the notice upon the owner. Lien Law, § 11. It does not provide for filing or indexing against or for serving upon anyone except the owner. Under the section in question, by filing against him, if he has made a loan contract with another, which has not been filed, the interest of each in the real property affected is subject to the lien of a person thereafter filing notice of a lien. In a case where there has been a loan contract without the sale of land, that is, where the owner is the borrower, and where the contract has not been filed, the result is that the lien of a person who thereafter files a notice of lien

against the owner supersedes the interest of the lender without filing or indexing against or serving upon him. If a lien is filed in such a case, namely, where there has been a loan contract without the sale of land, it will not be docketed against the lender and the loan contract, if filed, will not be indexed against him, but the docketing in the one case and the indexing in the other will be against the owner or borrower. That will not be so where the loan contract is part of the contract to sell. In such a case, the owner or vendor is the lender and the vendee is the borrower, and the lien, if one is filed, will be against the owner and the contract, if filed, will be against the vendee or borrower. The lender, however, does not acquire a lien upon the real property affected by means of his loan contract, even if it is filed, but he may acquire that by taking a mortgage in conjunction with the contract. Where he does, the contract and the mortgage constitute the transaction and, if the contract is not filed, his interest under his mortgage will be superseded by a subsequently filed lien without filing or indexing against or serving upon him. *Pennsylvania Steel Co.* v. *Title Guar. & Trust Co.,* 50 Misc. Rep. 51; 193 N. Y. 37; *Packard* v. *Sugarman,* 31 Misc. Rep. 623.

While the plaintiff in the *Pennsylvania Steel* case had filed against the mortgagee and while the judge writing at Special Term said that the defendant lienors, having filed only against the owner, could not assert a claim against the mortgagee, an examination will show that the conclusion which I have reached is warranted by the opinions in that case. In *DeKlyn* v. *Simpson,* 34 App. Div. 436, 448, a case under Laws of 1885, chapter 342, where section 4, relating to the notice, provided that it should contain, among other things, the name of the owner, lessee, general assignee, or person in

possession of the premises against whose interest a lien was claimed, the court said: " The statute is imperative that the notice of lien shall contain the name of the person against whose interest a lien is claimed, and there is no provision in the statute giving a lien against the interest of one not so named." The section in question seems to contain such a provision. The language is plain and unambiguous and effect must be given to it. The lienors, other than plaintiff and Salmon, are not in a position to claim priority. Code Civ. Pro. § 521.

Judgment accordingly.